### GAYLORD *vs.* VAN LOAN.

Where, from the evidence relied on for a *new promise* to save the *statute of limitations,* it appears that the defendant *denied all indebtedness* to the plaintiff, nothing that was said by the defendant can be construed into a new promise or recognition of indebtedness, from which a promise may be implied.

A promissory note, expressing no time when payable, is in judgment of law payable on demand, and draws interest from its date.

An agreement not to plead the statute, *it seems,* may be *replied* in answer to a plea of the statute of limitations, where such agreement is made previous to the attaching of the statute.

THIS was an action of *assumpsit,* tried at the Columbia circuit in June, 1833. The plaintiff declared on three promissory notes—two dated 1st January, 1820, one for $73,76, and the other for $48,27, and the third dated 12th May, 1820, for $170,04—given by the defendant to the plaintiff without specifying when payable. The declaration also contained the common money counts. The defendant pleaded the *general issue,* the *statute of limitations,* and an *insolvent discharge* granted 17th March,1828. The plaintiff *replied* to the second plea a new promise, and to the third that the discharge was obtained by fraud, giving specifications. On the trial, the notes declared on were produced. An *attorney* testified that the notes in question and certain books of account were left by the plaintiff with him for collection, and that *previous to 1st April,* 1826, and not more than ten days before that day, the plaintiff and defendant met at his office, when the plaintiff claimed a large balance to be due to him from the defendant. The defendant *denied that he owed the plaintiff any thing.* The attorney told him that the demands must be sued, unless they were *renewed;* to which he answered that he *would not avail himself of the statute,* and a suit need not be brought on that account. The *capias* in this cause was issued 17th March,1832. The defendant proved his discharge. Whereupon the insolvent papers of the defendant, viz. the account of creditors, &c. were produced by the plaintiff, by which it appeared that the defendant had *omitted* to include

the plaintiff among his creditors, and on the contrary, had

expressly stated that he was not indebted to him, but that the plaintiff was his debtor. Evidence as to the state of the accounts between the parties was given on both sides. The circuit judge charged the jury that it was for them to say whether a *conditional promise* had not been established— whether what was said by the defendant, as testified to by the attorney, was not tantamount to saying, "If you prove I owe you any thing, I will pay you;" and instructed them that if such had been the language of the defendant, it would avoid the statute of limitations, or prevent its being a bar to the plaintiff's recovery. He further instructed the jury, that if the defendant actually owed the plaintiff at the time he presented his petition for a discharge and his account of creditors, and knew the fact, his omission to include the plaintiff in such account was a fraud, which would avoid the discharge. He also told them that if they should find for the plaintiff, interest was allowable on the notes only from the time of demand of payment, or suit brought. The jury found a verdict for the plaintiff for $403,55. The defendant moves for a new trial.

*O. Bushnell*, for the defendant, insisted that the declaration of the defendant that he would not avail himself of the statute, could not be tortured into a promise to pay, nor into an acknowledgment of a subsisting indebtedness, especially when accompanied, as it was, with an utter denial of owing the plaintiff any thing; and that therefore the judge erred in his instruction to the jury on the point of a new promise. He further contended that the plaintiff could not, under the pleadings in the cause, avail himself of the defendant's promise not to plead the statute of limitations; they contain no averment in respect to it, nor is there any issue joined upon the fact. If the plaintiff can enforce such a promise, it can only be by an action on the promise, averring a breach.

*A. L. Jordan*, for the plaintiff. What was said by the defendant amounted to a conditional promise—"prove your debt and I will pay it"—or what he said has no meaning

NEW-YORK,
May, 1836.

Gaylord
v.
Van Loan.

Whether the words used would bear such construction was properly submitted to the jury. A conditional promise is sufficient to take a case out of the statute. 3 *Wendell,* 190. 2 *Pick.* 368. 11 *Wheaton,* 309. 1 *Peters,* 362. The condition in this case was performed by proof of the indebtedness.

*By the Court,* NELSON, J. The circuit judge erred as to the time when the notes became due. In legal effect they were payable immediately, and of course drew interest from their respective dates. *Chitty on Bills,* 60. 8 *Johns. R.* 189. 13 *Wendell,* 208. This error, however, was against the plaintiff, and affords no ground for a new trial. But the charge was incorrect in regard to the *statute of limitations.* There was no new promise by the defendant, nor foundation upon which to rest the presumption of a new promise. The opinions delivered by the *chief justice,* in the case of *Allen* v. *Webster* and *Stafford* v. *Richardson,* during the present term, are conclusive upon this part of the case. It would be worse than useless again to go over the argument.

Two of the notes were barred when the defendant agreed that he would not avail himself of the statute. As to those notes, it cannot be said that the agreement operated as a fraud upon the plaintiff, by inducing a delay in the commencement of the suit until after the statute attached.; but it may well be said as to the *third* note, which was not due at the time of such agreement. Although we cannot, upon any consistent reasoning, infer a new promise to pay the notes from what was said by the defendant, taking the whole together, yet, as it respects the note not then barred, we do not say that the plaintiff is entirely remediless. The agreement not to plead the statute, as respects this note, operated as a fraud upon the plaintiff. Had it not been made, he could have prevented the effect of the statute by commencing his suit. By pleading the statute, the defendant is guilty of bad faith, and, upon general principles, should be estopped from availing himself of that defence. No one ought to be permitted to disregard his own deliberate, lawful agreement, to the injury of another. The principle which should debar the defendant from setting up the defence in this case is a familiar one ; the only

difficulty is in the mode of its application. In the case of *The*
*Utica Ins. Co.* v. *Bloodgood,* 4 *Wendell,* 652, the stipulation
not to plead the statute was in writing, but its being in wri-
ting does not add any thing to its legal effect, unless it be un-
der seal. It is of no greater efficacy or higher credit in court
than an agreement resting in parol, when proved. Had it
been under seal, there would have been no difficulty in reply-
ing it to the plea of the statute as a technical *estoppel.* 1 *Chit.
Pl.* 575, 573. 2 *id.* 590. 1 *Saund.* 325, *n.* 4, 257. *Shelly* v.
*Wright, Willes,* 9. 18 *Johns. R.* 490. The facts in the case
under consideration operate in the nature of an *estoppel in pais.*
3 *Co. Litt.* 431, 352, *a.* 5 *Bacon's Abr.*428. 1 *Gilb. Ev.* 87.
Mr. *Starkie, vol.* 2, *p.* 16, says, "If a representation be made
of any fact with a view to influence the conduct of another,
or to derive any advantage to the party, and which cannot
afterwards be denied without a breach of good faith, such an
admission will not only be evidence of the fact, but will usu-
ally preclude the party who has made it from insisting upon
the contrary. It does not operate merely as a presumptive evi-
dence of the actual truth of the fact, which must give way to
positive proof of the contrary, but precludes and as it were *es-
tops the party,* on grounds of policy, from repudiating his own
repesentation, and renders the actual truth of the fact imma-
terial." A striking illustration of this principle is found in a
case frequently adjudged—to wit, where a man has cohabited
with a woman, and admitted and treated her in the face of
the world as his wife, he shall not be afterwards permitted to
set up, as a defence to a creditor who supplies her with goods,
that she is not his wife. 2 *Esp. R.*637. 1 *Camp.* 245. 4 *id.*
215. 2 *Starkie's Ev.*18. Mr. *Saunders, on Pl.& Ev. vol.*1, *p.*
37, says, "There are two kinds of admissions—*conclusive* and
*inconclusive :* conclusive admissions are those arising from
matters of estoppel, technically so called—as admissions by re-
cords and specialties, or where the parties agree to make the ad-
mission as evidence, or *where the admission is made with a
view to benefit the party making it, or to prejudice the party to
whom made."* See also 8 *Wendell,* 483. So a man is estopped
from averring or proving his own fraud, which is a kindred
principle to the one above stated. The examples given by

*Coke,* of estoppels *in pais,* are by livery, by entry, by accep-
tance of rent, &c. Now it is difficult to comprehend why a
party may not avail himself of matter that operates as a *con-
clusive estoppel in pais* by way of pleading, as well as a mere
technical estoppel of record or deed. There is no distinction
in principle or effect. The former constitutes a legal bar in
the way of a plea, or answer by way of replication, and is just
as decisive upon the rights of the parties, when established by
proof, as the latter. A good replication may either conclude
the defendant by *matter of estoppel,* may deny the truth of the
matter alleged in the plea, may confess and avoid it, or may
new assign, as the case may require. 1 *Chitty's Pl.* 549, 573,
575. 2 *id.* 592. 1 *Saund.* 257, 325, *n.* 4. *Willes,* 9. Here
the defendant is effectually estopped by matter *in pais,* upon
well settled legal principles, from availing himself of the
statute in the case supposed.

In truth, the distinction, though we find it sometimes stated
in general terms that the one is available only *as evidence,*
while the other is *by plea,* does not appear to be very thor-
oughly determined. Baron Gilbert, on the Law of Evidence,
p. 87, lays down the position, that if a defendant pleads *livery
and seizin* (an act *in pais*) from the plaintiff, he cannot reply
that the livery was conditional, without showing the deed,
because the plaintiff is estopped from defeating his own livery
by naked averment and parol evidence. In the case of *Price*
v. *Harwood,* 3 *Camp.* 108, it was ruled, if a man whose name
is *William* be asked before process is served whether it is not
*John,* and he answers it is, that he cannot maintain trespass
for what may be done under the process. If, in such a case,
the defendant should appear and plead the misnomer in
abatement, there cannot be a doubt it would be competent to
reply the fact of his admission, and that, if proved, it would
operate as a conclusive estoppel *in pais.* So to a plea of mis-
nomer, the plaintiff may reply the recognizance of bail enter-
ed into for the defendant, though he be no party to it. Bare-
ly putting in the bail in the suit operates as an estoppel. 2
*N. R.* 453. If it be said that an estoppel by writing not
under seal, or by parol admission, may be disproved and is not
necessarily conclusive, it may be answered that admisssions of

record, or by specialty, may also be rebutted. Duress, fraud,
or illegality, may be replied to them. 3 *T. R.* 418. 2 *Wils.*
344, 450. 1 *Saund. Pl. & Ev.* 44. 1 *P. Wms.* 156, 220. 1
*Comyn on Contr.* 30. 19 *Johns. R.* 311. A party is never
estopped, if there has been any illegal transaction, fraud, or
duress, to obtain the admission. *Buller's N. P.* 298. 1
*Saund Pl. & Ev.* 37. 3 *T. R.* 418. It does not appear that
any question was made upon the pleadings in the case of
*Bloodgood* v. *The Utica Ins. Co.* 4 *Wendell,* 652. To the plea
of the statute of limitations, the plaintiff there replied a *ratifi-
cation* of the original promise, and an *agreement not to plead
the statute.* It seems to have been conceded by the counsel
for the defendant, that he was estopped as respected the note,
as it was only insisted the stipulation did not attach to the ori-
ginal indebtedness. There was no pretence of any evidence
of a new promise, or ratification of the old one, in the case.
Mr. Justice *Sutherland,* in delivering the opinion of the court,
put the decision under the plea of the statute expressly upon
the estoppel arising from the stipulation. It was obviously
given to avoid this bar to the action, as the six years expired
the 28th April, 1824, and it was executed by the defendant
on the 26th of the same month. The renewal of the prom-
ise was out of the question, and could have constituted no
answer to the plea, there being no proof to sustain it. The es-
toppel was exclusively relied upon. I confess I perceive no
objection to such a replication in principle, nor can I distin-
guish it, in substance or good sense, from a pleading of the
kind where the matter set up is more technical. The answer
to the bar is conclusive in point of law, and has been fre-
quently so decided in a court of law, when shewn by way
of evidence. One of the best tests of good pleading is, wheth-
er the evidence sufficient to support it, when given on the tri-
al, would constitute in point of law a bar to the action if a
plea, or an answer to it if a replication. This replication
comes entirely up to this test. Not only in conscience, but
in law, the defendant cannot be allowed to set up his own
breach of faith, or fraud, in order to derive an advantage for
himself, to the injury of the person deceived by him. It

would be giving him the fruits of his iniquity, and bidding a bounty upon treachery and fraud. It may be added, in this case, that there is no other practicable mode by which the plaintiff can avail himself of this legal answer to the bar of the statute, but by replying it. It would be incongruous and absurd to allow it to be given in evidence to support the issue of the new promise, or ratification of the old one. It tends to no such thing. It can operate only by way of estoppel, to compel the defendant to keep good faith with the plaintiff, when a breach of it directly operates to deceive and defraud him. A more summary remedy might be found in a motion to strike out the plea, as put in in violation of a positive agreement, to the injury of the plaintiff. This, however, would probably be a very unsatisfactory one. A man who would violate good faith, deliberately pledged to another, would be an unsafe adversary on a motion of that kind.

New trial granted.