*88
 
 Pearson, J.
 

 To repel the statute of limitations, a promise to pay must be proven — either express or implied. The law will always imply a promise, when there is an acknowledgdment of a subsisting debt, unless there be something to rebut the implication. If one pays a debt in part, the law implies a promise to pay the balance, in the absence
 
 of
 
 any circumstance to negative such a promise.
 

 This being the general rule, the question is, whether there was evidence to bring this case within
 
 its
 
 operation. The judge below thought there was not. We have come to a different conclusion.
 

 A copy of the account was shewn to the defendant and she was requested to settle it. She said, “ she bad no money, but would call in a few days and settle it with the old man. She did not intend to cut him out ol it.” The delendant had a direct reference to the account, which was drawn off and handed to her ; and, although, at the first conversation, there was some objection made to the price of one item, we think there was an explicit acknowledgment of a subsisting- debt, from which a promise to pay will be implied ; if, indeed, there was not evidence of an express promise, having sufficient certainty to support an action, by aid of the maxim,
 
 “id certum est, quod certum reddi potest.
 

 The direct reference to the
 
 stated account
 
 distinguishes this from
 
 Peebles
 
 v. Mason,
 
 2
 
 Dev. 367, and brings it within the rule laid down in that case.
 

 Per Curiam,
 

 J udgment of non-suit set aside and
 
 venire de novo.