Battle, J.
 

 It may now be considered to bo a well 'established principle in this State, that to take a debt, claim, or demand out of the operation of the Statute of Limitations, there must be.a promise, either.express or implied, to pay a certain and definite sum, or an .amount .capable of being reduced to a certainty by reference to some paper, or by computation, or in some other infallible mode not depending on the agreement of the parties, or the finding of arbitrators, or a jury. Peebles v. Mason, 2 Dev. 367. Smallwood v. Smallwoo, 2 Dev. and Bat. 380. Rainy v. Link, 3 Ired. 376. Sherrod v. Bennet, 8 Ired. 309. Smith v. Leeper, 10 Iredell 86. Mooke v. Hyman, 13 Iredell 272. Shaw v. Allen, Bus. 58. McBride v. Gray, Ibid. 420.
 

 This principle seems to have been fully understood, and was correctly applied by his Honor in his. charge to the jury. The declarations made by the defendant’s testator to the witness Wallace, referred either to the .account standing •against him on the plaintiff’s books, or to the account which he said had been handed in. Whether .the reference .was ¡to the one or the other, was a question of evidence.for the jury, and it was properly submitted to them as each. If the account on the books was referred to, then the promise to settle it was a promise to settle . and pay an account which was capable of being reduced to a certainty, and in that -case, the jury were told that the bar of the Statute would be repelled. But if the account handed in were meant, then, as that account ivas not produced and there was no evidence of its amount, there were ho means of ascertaining ■ it by computation or otherwise, and the jury were instructed
 
 *94
 
 that there was nothing to prevent the operation of the Statute upon that part of the account, which had been contracted, more than three years before the commencement of the suit. The latter part of the charge to which the plaintiff excepts seems to me to be directly within the principle above set forth, and of course must be sustained.
 

 The judgment against the plaintiff for the costs of the appeal was a matter of discretion with the Judge of the Superior Court, (1 Rev. Statute, ch. 4, see. 9,) and consequently we cannot revise it. See Holmes v. Johnson, 11 Iredell, 55.
 

 The judgment must be affirmed