Pearson, J.
 

 Seijeant Williams, in the conclusion of his note of
 
 Hodsden
 
 v.
 
 Harridge,
 
 2 Saunders Rep. 64 b., in reference to the statute of limitations, remarks, “ after all, it might perhaps have been as well, if the letter of the statute had been strictly adhered to; it is an extremely beneficial law, on which the security of all men depends, and is, therefore, to be favored; and although it will, now and then, prevent a man from recovering an honest debt, yet, it is his own fault that he postponed his action so long; besides which, the permit
 
 *495
 
 ting of evidence of promises and acknowledgements within the six years, seems to be a dangerous inlet to perjury.”
 

 The justness and force of this Remark, by a most judicious and learned writer, has, of late years, been admitted and yielded to by the courts ; and the inclination now is to adhere to the letter of the statute, except when a departure from it is firmly fixed by a direct authority.
 

 No case can be cited to support the position that the bar of the statute can, under any circumstances, be repelled by a promise to another than the plaintiff. At no time, not even when the notion of a new promise be carried to its utmost extreme, was the idea that the new promise was negotiable and could be transferred, so as to give or support a right of action in a third person. The doctrine that the statute of limitations can be repelled by proof of a new promise is confined to “actions on promises.”
 
 Governor
 
 v.
 
 Hanrahan,
 
 4 Hawks’ Rep. 44;
 
 Morrison
 
 v. Morrison, 3 Dev. 402; A’
 
 Court
 
 v.
 
 Cross,
 
 11 E. C. L. Rep. 124. Where a bill or promissory note is the ground of action, the declaration sets out the liability of the defendant according to the tenor and effect of the instrument, and avers that “ being so liable, the defendant, in consideration thereof,
 
 afterwards
 
 promised,” &c. If the defendant pleads the statute of limitations it maybe repelled by proof of a promise within the six years without a variance, or departure in pleading.
 
 Leaper
 
 v. Tatton, 16 East’s Rep. 420. But in order to answer this purpose, the promise must be
 
 between the two parties to do the same thing. Falls
 
 v. Sherill, 2 Dev. and Bat. Rep. 374 ;
 
 Finn
 
 v.
 
 Fitts, ibid
 
 236. If the new promise is to deliver a horse, or other specific thing, in consideration of the old debt, of course the action must be on the new promise ; so, if the debt was due to the testator, and the new promise is to the executor.
 
 Hickman
 
 v.
 
 Walker,
 
 Willes’ Rep. 27.
 
 Dean
 
 v.
 
 Crane,
 
 1 Salk. Rep. 28; 6 Mod. Rep. 309. So in an action of assumpsit by the assignee of an insolvent debtor for money due to him before his insolvency, stating all the promises to have been made to the plaintiff, the defendant pleaded that he did not undertake and promise, in manner
 
 *496
 
 and form, as the plaintiff complained against Mm, at any timo within six years j upon which the replication takes issue; the defendant cannot rejoin that the cause of action first accrued to the insolvent before the plaintiff became assignee, and that six years had elapsed after the cause of action first accrued to the insolvent; for the rejoinder would be a plain departure from the plea.
 
 Kinder
 
 v. Paris, 2 H. Black., note a. That case is the reverse of ours, but it fully illustrates the principle that the new promise must be made to the
 
 samo
 
 person, in order to support' an action on the old promise. There, the plaintiff had the precaution to avoid the difficulty by declaring upon the new promise; here, the plaintiff could not have avoided it in that way, because the promise was made to Hawkins, and was not assignable, being by parol. Possibly Hawkins would have brought the action, except for the fact that he was needed as a witness to establish the new promise. There is error.
 

 Per Curiam.
 

 Judgment reversed, and a
 
 venire de
 
 novo.