*512
 
 Battle, J.
 

 The case of
 
 Falls
 
 v.
 
 Sherrill,
 
 2 Dev. and Bat. Rep. 371, which has recently been referred to, with approbation in the case of
 
 Thompson
 
 v. Gilreath, 3 Jones’ Rep. 493, is a direct authority to show, that where the old promise is barred by the statute of limitations, and the new one is relied on to repel the effect of the statute, the declaration must be upon the first assumpsit, and the second promise revives the first, or is evidence of similar continued promises from the time the contract was made. This is where the assumpsit is between the same parties, and to do the same thing; and in such a case the replication to the plea of the statute, will be a general and not a special one; for it is manifestly necessary only to traverse the plea, and conclude to the country. 1 Chitty’s Pl. 583.
 

 In the case now before us, the original, and the new, promises were between the same parties, and it was to do precisely the same thing; for the defendant’s intestate referred to the original contract, and said, in substance, he would pay the debt in good cash notes according to it, and to this plaintiff assented. In this respect, then, the case is materially different from that of
 
 Taylor
 
 v.
 
 Stedman,
 
 13 Ire. Rep. 97, where the original promise was to pay in money, and the new promise proved, was to pay in good notes, or judgments.
 

 In that case, the replication alleging a promise to pay in money, it was properly held that the testimony did not support it, and the plaintiff failed in his action, because his proof varied fatally from his allegation. In the present case, the declaration is upon the original promise to pay in good cash notes, and that is sustained, under the general replication, by proof of a new promise to pay in the same way.
 

 The plaintiff then is entitled to recover, if the promise upon which he relies to take his case out of the operation of the statute, identifies the debt with sufficient certaiirty, according to the rule established by several recent decisions of this court.
 
 Moore
 
 v.
 
 Hyman,
 
 13 Ire. Rep. 272 ;
 
 Loftin
 
 v.
 
 Aldridge,
 
 3 Jones’ Rep. 328. That rule is that, to repel the statute of limitations, there must be a promise to pay the debt sued on,
 
 *513
 
 either expressed or implied, and the terms used must be certain in themselves, or must have sufficient certainty to give a distinct cause of action by aid of the maxim,
 
 id oertum est quod certwn potest reddi.
 
 This, we think, he has done.
 

 The testimony, relied upon to prove the new promise refers to the original contract too plainly to be misunderstood, and the amount of sixty dollars is ascertained beyond a question. The word, “odd,” may be rejected as surplusage, upon the maxim,
 
 utile per inutile nonvitiatur.
 
 See
 
 Collett
 
 v. Frazier, 3 Jones’ Eq. Rep. 80.
 

 Pee CueiaM, Judgment reversed.