# N. Y. SUPERIOR COURT.

HENRY D. BROOKMAN and another agt. BENJAMIN F. MET-CALF.

A *promise* by the defendant, that if the plaintiffs would suspend bringing an action upon the second note of the defendant, he would abide by the decision of the first action upon a similar note of the defendant, if it amounted to a promise to pay, was not sufficient to take the note out of the operation of the statute of limitations —*not being in writing.*

Where the plaintiffs, upon the faith of such promise by the defendant, delayed bringing an action upon the second note, until after the decision of the action upon the first note, and until after the statute of limitations had attached: *Held*, that the defendant, upon the doctrine of *equitable estoppel*, or *estoppel in pais*, was precluded from setting up the statute of limitations as a defense.

Brookman agt. Metcalf.

*General Term, February,* 1867.

ON the 8th of November, 1855, the defendant made two promissory notes, each for five hundred dollars, payable respectively in six and twelve months after date, to his own order.

The complaint alleged that, through successive indorsements, the notes were transferred to the plaintiffs; that they were not paid; and that after both had matured, and on or about the 11th of February, 1857, the plaintiffs commenced an action upon the six-months note. That the defendant put in answer to the complaint in such action; that the issue was tried by a referee, who dismissed the complaint with costs. That the plaintiffs appealed from such judgment to the general term, where the judgment was reversed, and a new trial ordered. That the defendant thereupon appealed to the court of appeals, stipulating that if such order granting a new trial was affirmed, judgment absolute should be entered against him in favor of the plaintiffs. That the court of appeals, on the 18th day of July, 1865, affirmed such order; and judgment absolute thereupon was entered against the defendant.

The complaint further alleged, that while said appeal to the court of appeals was pending, and in the year 1860, the plaintiffs directed their attorney to commence an action upon the twelve-months note, and so informed the defendant; "whereupon, the defendant requested the plaintiffs not to commence such action against him, and to forbear enforcing judgment, while the appeal in the other case was pending; and to induce the plaintiffs so to forbear, he, the defendant, then and there, in consideration of the premises and of such forbearance, promised and agreed to and with the plaintiffs, that if they would desist from commencing such or any action thereon to recover the same until after the decision and judgment should be rendered upon the appeal as aforesaid, he would immediately upon such decision and judgment, if the same should be against him, pay the amount due for princi-

pal and interest upon said note, without any action thereon." That thereupon the plaintiffs revoked the said order to their attorney, and did not commence any action upon said note.

The complaint further alleged, that after the decision of the court of appeals, affirming said order, and rendering judgment absolute, as aforesaid, they demanded of the defendant payment of said twelve-months note; which was refused.

The defendant denied that he requested the plaintiffs not to commence any action against him or to forbear enforcing judgment while the appeal in the other case was pending; and he alleged that the cause of action did not accrue within six years before the commencement thereof.

The action was tried before Mr. Justice JONES and a jury.

Henry D. Brookman, one of the plaintiffs. testified that after the decision of the general term, he directed a suit to be commenced on the second note. About that time he met the defendant in Wall street, and told him he was going to sue him on the second note; his reply was, that he did not want to have any further litigation in the matter; and if I would suspend it, he would abide by the decision of the first. He, plaintiff, then went to his attorney, and he laid it all over. This conversation was about the time the defendant appealed to the court of appeals, and in the spring of 1860. The order to commence the suit upon the second note, and the subsequent countermand, were also testified to by the attorney.

A motion was made to dismiss the complaint on the grounds: (1.) that the acknowledgment or promise relied on by the plaintiffs was not sufficient evidence of a new or continuing contract to take the case out of the statute of limitations, because the same was not in writing signed by the party to be charged thereby; and (2.) that the plaintiffs had not tendered the bond required by the statute in a suit upon a lost note, there having been evidence that the note in suit was lost.

The motion was denied, and the defendant excepted.

The defendant testified that he had no such conversation with the plaintiff as he, the plaintiff, had testified to.

The plaintiffs tendered to the court a bond, as required by the statute in a suit upon a lost note ; which bond was approved by the court.

The case was submitted to the jury, who found for the plaintiffs.

The exceptions were ordered to be heard in the first instance at the general term, and judgment in the meantime to be suspended.

S. P. NASH *for plaintiffs.*
L. K. MILLER *for defendants.*

*By the court,* MONELL, J. The promise of the defendant, that if the plaintiffs would suspend bringing an action upon the second note, he would abide by the decision of the first action, if it amounted to a promise to pay, was not sufficient to take the note out of the operation of the statute of limitations. Such promise is now required to be in writing (*Code,* § 110), and signed by the party to be charged.

The offer, however, to abide by the decision of the action upon the first note, was made and accepted before the statute of limitations attached to the second note. The consideration of the two notes seem to have been the same, and they were subject to the same defenses. A suit was about being commenced upon the second note before the determination of the first action, probably with the view of saving the statute. The defendant, upon being informed of such intended suit, stated to the plaintiffs that he did not want any further litigation in the matter ; and that if they would suspend it, he would abide by the decision of the first. Influenced by such offer, the plaintiffs delayed bringing an action upon the second note until after the decision of the action upon the first note, and until after the statute of limitations had attached.

These facts are found by the verdict, which is general upon all the issues, in the plaintiffs' favor.

It seems to me, upon the doctrine of equitable estoppel, or estoppel *in pais*, the defendant ought not to be allowed to disregard his engagement and set the statute up as a defense.

The offer of the defendant was with the intention of influencing the plaintiffs in reference to their contemplated suit upon the second note; and the plaintiffs, acting under such influence, suspended all proceedings; and continued passive until the decision of the first action. No one can doubt, and so the jury found, that the suspension of action upon the second note, was in consequence of the promise of the defendant to abide by the first suit. It is not necessary, to an equitable estoppel, that the party should design to mislead. If his act was calculated to mislead, and actually has misled another, who acted upon it in good faith, it is enough (*Manufacturers and Traders' Bank* agt. *Hazard*, 30 *N. Y. R.*, 216).

Mr. Parsons states the rule thus: "when a man has made a declaration or a representation, or caused, or in some cases not prevented, a false impression, or done some significant act, with intent that others should rely and act thereon, and upon which others have honestly relied and acted, he shall not be permitted to prove that the representation was false, or the act unauthorized or ineffectual, if any injury would occur to the innocent party, who had acted in full faith in its truth or validity" (2 *Pars. on Con.*, 340.)

Instances of *estoppels in pais*, are numerous. A maker of a promissory note, having represented to the holder, that it was given for value received, cannot set up the defense of usury (*Holmes* agt. *Williams*, 10 *Paige R.*, 326; *Clark* agt. *Sisson*, 4 *Duer*, 408; *Ferguson* agt. *Hamilton*, 35 *Barb.*, 427). In *St. John* agt. *Roberts* (31 *N. Y. R.*, 441), the indorsers of a promissory note, who had caused the note to

be sold at public auction, were estopped from setting up a want of demand and protest.

In *Gaylord* agt. *Van Loan* (15 *Wend.*, 308), the defendant, upon being applied to for payment of certain demands, the person applying saying the demands must be sued unless they were renewed, answered, that he would not avail himself of the staute, and a suit need not be brought on that account—*held*, an estoppel.    And in *Brown* agt. *Sprague* (5 *Denio*, 545), in several ejectment suits, there was an agreement that all should abide the result of one, and proceedings be stayed in the others; and it was held, that the defendant should abide by his engagement.

The effect of the defendant's promise to abide by the decision of the first suit, was to postpone all action upon the second note until after the statute had attached.    There was no negligence on the part of the plaintiffs; they were about to proceed to save the statute, when they were met by the defendant's promise, and in good faith acted upon it.    The case is stronger against the defendant than *Gaylord* agt. *Van Loan* (*supra*); and he must be held to his engagement.    The tender of the bond of indemnity, at the trial and before verdict, was sufficient (2 *R. S.*, 406, § 76; *Des Arts* agt. *Leggett*, 5 *Duer*, 156).

The exceptions must be overruled, and judgment ordered for the plaintiffs on the verdict.