## W. L. CECIL v. W. F. HENDERSON.

*Action on Note—Surety—Statute of Limitations—New Promise —Request not to Sue—Promise not to Plead Statute—Issues.*

1. In the trial of an action it is only necessary to submit such issues as arise out of the pleadings *material to be tried* and such as will admit all material evidence upon the whole matter in controversy.

2. Where, in the trial of an action which was barred by the Statute of Limitations unless the bar was repelled by an alleged promise of defendant that he would not plead the Statute of Limitations if suit was forborne, (about which there was conflicting evidence), the Court submitted issues as to whether, within three years before commencement of the action, the plaintiff was induced to delay suit on the note at the special request of defendant for the accommodation and upon the promise of the defendant to pay the same and that he would not avail himself of the Statute of Limitations, it was not error to refuse to submit an issue tendered by the defendant as follows: "Is the plaintiff's action barred by the Statute of Limitations?"

3. Although Section 172 of *The Code* renders invalid a new promise to take the case out of the bar of the Statute of Limitations unless the new promise is in writing and signed by the party to be charged therewith, yet, when a creditor has delayed action at the request of the debtor, and under his promise, express or implied, to pay the debt and not to plead the Statute of Limitations, this Court, in the exercise of its equitable jurisdiction, will not permit the debtor to plead the lapse of time and the creditor may bring his action within the statutory time after such promise and request for delay although not in writing.

CIVIL ACTION, tried before *Coble, J.*, and a jury, at Fall Term, 1897, of Davidson Superior Court. There was a verdict for the plaintiff on the issues referred to in the opinion of this Court and defendant appealed from the judgment thereon.

*Mr. S. E. Williams*, for plaintiff.
*Messrs. Walser & Walser*, for defendant (appellant.)

FAIRCLOTH, C. J.: This is an action on a sealed note executed by Loftin as the principal and the defendant as the surety, commenced on August 1, 1895. The note is dated September 15, 1888, on which the last payment was made November 2, 1891. The Court submitted these issues:

1. "Was the plaintiff induced to delay suit on the note at the special request of defendant for the accommodation and upon the promise of the defendant to pay the same and that he would not avail himself of the Statute of Limitations?" The jury answered "Yes."

2. "Was said request and promise made in 1893 as alleged?" The answer was, "Yes."

The defendant tendered this issue: "Is the plaintiff's action barred by the Statute of Limitations?" which was not submitted, and the defendant excepted. There is no plea of payment; on the contrary, the answer admits that nothing has been paid, except all interest to November 2,

1891. The issue tendered by defendant was unnecessary and its refusal was not error, because the facts show and the issues submitted assume that the right of action was barred, unless it was saved by the request and promise made in 1893, as found by the jury, about which there was conflicting evidence. It is only necessary to submit such issues as arise out of the pleadings *material to be tried*, (*Code*, Section 395), such as will admit all material evidence upon the whole matter in controversy. *Albright* v. *Mitchell*, 70 N. C., 445; *Tucker* v. *Satterthwaite*, 120 N. C., 118.

To repel the State of Limitations, there must be proof of a promise to pay, and when there is an acknowledgment of a subsisting debt the law implies a promise to pay unless there is something to rebut the implication. *McRae* v. *Leary*, 1 Jones, 91; *Smith* v. *Leeper*, 32 N. C., 86. Where the action is upon the original promise, as it must be, the new promise repels the effect of the Statute in "Actions on Promises," and either revives the first or is evidence of similar continued promises from the time of the original contract. The liability of the promisor according to the tenor of the instrument is the consideration for the new promise which must be *between the two parties to do the same thing*, as a promise to a former holder or a third party would not repel the Statute. In a certain class of promises the action must rest upon the new promise, as if the new agreement was to deliver a horse to satisfy an old debt, or if the debt was due the testator and the new promise is made to his executor. *Thompson* v. *Gilreath*, 48 N. C., 493; *McRae* v. *Leary, supra*. In *McCurry* v. *McKesson*, 49 N. C., 510, the new promise was "that he would settle and make all right;" *Held*, that repelled the Statute.

Such are the rules at law established by this Court, but the Court in the exercise of its equitable jurisdiction held that when suit was delayed and induced by the request of

the debtor, expressing or implying his engagement not to plead the lapse of time in bar of the action, he would not be allowed to set it up as a defence, because it was an unconscientious defence, and against equity. This is easily so in a system where the distinction between actions at law and suits in equity and the forms are abolished and only one form is allowed as it is with us. Daniel v. Commissioners, 74 N. C., 494; Haymore v. Commissioners, 85 N. C., 268. The Code, Section 172, introduced another requisite in order to avoid the Statute of Limitations, viz: that no acknowledgment or promise shall be received as evidence of a new or continuing contract . . . unless the same be contained in some writing signed by the party to be charged thereby.

In the case before us, neither the request for delay, nor the acknowledgment, nor the promise to pay, and that defendant would not avail himself of the Statute of Limitations, was in writing signed by the defendant. In considering that Section of The Code, this Court held, in the exercise of its equitable jurisdiction, that a plea of the Statute of Limitations would not be allowed as a defence when it would be unconscientious and inequitable and would perpetrate a fraud on the creditor, in the face of such promises, although they were not in writing. Joyner v. Massey, 97 N. C., 148; Hill v. Hilliard, 103 N. C., 34; Wood on Limitations (Second Edition) 228, Section 76. Under the issues submitted the defendant was at liberty to make any defence which could avail him on the trial of the matter in controversy, and the issue tendered by him was unnecessary.

　　　　　　　　　　　　　　　　　　　　Affirmed.


CLARK, J., concurring in result: The Code, Section 172, renders invalid a new promise to take a case out of the bar of the Statute of Limitations unless the new promise is in writing and signed by the party to be charged therewith.

It has been held, however, that where a creditor has delayed to bring action at the request of the debtor, who promised to pay the debt and not avail himself of the plea of the Statute, it would be against equity and good conscience to permit him to plead it and that the creditor can bring his action within the statutory time after such promise and request for delay. *Joyner* v. *Massey*, 97 N. C., 148; *Barcroft* v. *Roberts*, 91 N. C., 363; *Haymore* v. *Commissioners*, 85 N. C., 268; *Daniel* v. *Commissioners*, 74 N. C., 494. It is essential, however, not only that there shall be a new promise and a request for delay, but there must be a promise not to plead the Statute if delay is given. *Hill* v. *Hilliard*, 103 N. C., 34. In the present case, the jury found that state of facts and the action was begun within three years after the indulgence granted at the request of the debtor and his promise not to plead the Statute.