EMMA HOLMAN, (H. E. Haverstock, Administrator) v. OMAHA AND COUNCIL BLUFFS RAILWAY & BRIDGE COMPANY, Appellant.

**Estoppel to Plead Limitations:** *Agency.* Where an officer of a railway company negotiated with one who had been injured on its cars, and, acting for the company, assured her that the statutory limitation would not be interposed, intending that she should rely on such assurance, and she, doing so, postponed the bringing of her action until after the expiration of the statutory period, the company was estopped from pleading the statutory bar.

**Evidence:** *Specific objection below.* Where the pleadings in another action against the same defendant were properly admitted in evidence upon a certain issue, over the objections of the defendant, the action of the court in admitting these pleadings cannot be reviewed on appeal on account of immaterial matter in one of them prejudicial to the defendant; no specific objection on this account having been made below.

*Appeal from Pottawattamie District Court.*—HON. WALTER I. SMITH, Judge.

SATURDAY, MAY 31, 1902.

Action to recover damages for personal injury alleged to have been received by plaintiff while on an electric car operated by defendant company, by reason of the negligence of the employes of said company in carelessly causing the electric car to be started forward suddenly, by reason of which plaintiff was thrown violently against the railing and steps of said car.    Verdict on a former trial was set aside by the court, and this action was affirmed. 110 Iowa, 485.    On the next trial the verdict was for plaintiff for $12,000, and from the judgment on such verdict defendant appeals.    On suggestion of the death of plaintiff pending this appeal, her administrator has been substituted.—*Affirmed.*

*Wright & Baldwin* for appellant.

*Flickinger Bros.* for appellee.

McClain, J.—This suit was instituted more than two years after the injury was received, and under the provisions of Code, section 3447, subdivision 3, it was barred, unless something was shown by the plaintiff to take it out of the statute.    For this purpose the plaintiff alleged in her petition that at the time of the injury, and subsequent thereto, one Dimmock was general superintendent and manager of the defendant corporation, and on behalf of the defendant, within two years after the injury, he negotiated with plaintiff with reference to a settlement of her claim, and, in the course of such negotiation, represented that the defendant would not interpose the plea of the statute of limitations, and that plaintiff, relying on such representation, failed to bring her action within two years, whereas she would otherwise have done so.    With reference to this claim, it is first objected that Dimmock had no authority to waive the statute for defendant; but the court instructed that while the jury

would not be authorized in finding such authority in the general employment of Dimmock as general superintendent and manager, nor in any resolutions of the board of directors authorizing him to settle specific claims, yet his authority to negotiate for the settlement of this particular case, and, in connection therewith, to waive the statute of limitations, might be found from evidence showing that he was in the habit, with his principal's knowledge and consent, of negotiating such settlements without previous and specific authority, and without the necessity of subsequent ratification, and that the claims thus settled by him were of such a number and character, and so treated by the defendant, as to indicate a general intention and purpose upon the part of defendant's board of directors to intrust Dimmock generally with authority to make such settlements on his own responsibility.    The correctness of this instruction as a statement of law is not questioned, and we find that there was sufficient evidence to sustain a finding by the jury that Dimmock did have the authority to settle the claim in question, and that he did, in connection with negotiations for a settlement had with plaintiff prior to the expiration of the statutory period, represent to her that, if she would delay bringing suit until such negotiations could be completed, the defendant would not interpose the bar of the statute of limitations, which might accrue during such delay.    It is not necessary that we set out the evidence, nor is it our practice to do so in such cases.

In support of plaintiff's contention that Dimmock had been allowed to act for defendant in making settlements of claims, the pleadings in an action, brought by another claimant against this same defendant for personal injuries were offered in evidence, and received over the objection as to each on behalf of defendant that they were incompetent, immaterial, and irrelevant.    It is not now contended in behalf of appellant that the petition

or answer were incompetent, but it is urged that the reply contained an averment of matter reflecting on Dimmock, and therefore prejudicial to the defendant in this case, and not in any way material to the issue on which pleadings were introduced in evidence. The difficulty is that no objection was made to this particular matter, it being conceded that there were averments in the petition, answer, and reply which were competent evidence in this case. The action of the court in permitting all these pleadings to be introduced cannot be questioned, on account of immaterial matter in the reply, unless the lower court's special attention was called thereto, and some action in that respect was asked.

But an important question of law is involved, to-wit, whether such a waiver, even if made with authority, is binding upon the defendant; that is, whether any representation or agreement that the statute of limitations will not be interposed is valid and effectual. On this question there is great conflict in the authorities.

The courts have approached it from different points of view, and have reached inconsistent conclusions. In the early New York cases of *Insurance Co. v. Bloodgood*, 4 Wend. 652, and *Gaylord v. Van Loan*, 15 Wend. 308, it was held that an agreement not to plead the statute of limitations, made before the expiration of the statutory period, and relied on by the creditor until after the statutory period had expired, operated as an estoppel in *pais* as against the debtor, and precluded him from interposing the defense of the statute to defeat the action. This view was disapproved in the subsequent case of *Shapley v. Abbott*, 42 N. Y. 443 (1 Am. Rep. 548), which is the leading case now relied on by appellant. In that case it was thought that, as both parties were equally advised as to the law, the debtor had no right to assume that the creditor would be bound by way of estoppel by such an agreement; and this view received some countenance in

*Andreae v. Redfield,* 98 U. S. 225 (25 L. Ed. 158). In *Crane v. French,* 38 Miss. 503, the view is expressed that an agreement not to plead the statute of limitations, not amounting to an acknowledgment or new promise in writing, within statutory provisions, would be contrary to public policy, and therefore not effectual to defeat the bar. On the other hand, it has been held in a number of cases that, even though the statute requires an acknowledgment or new promise in such case to be in writing, yet the plea of the statute of limitations will not be allowed where, in view of a parol agreement not to plead the statute, relied on by the other party, the interposition of the defense would be "unconscientious and inadequitable, and would perpetrate a fraud." *Cecil v. Henderson,* 121 N. C. 244 (28 S. E. Rep. 481); *Trust Co. v. Sheldon,* 68 Vt. 259 (35 Atl. Rep. 177); *Trust Co. v. Cochran,* 130 Cal. 245 (62 Pac. Rep. 466, 600); *Quick v. Corlies,* 39 N. J. Law, 11. In view of the fact that the debtor may waive the benefit of the statute of limitations by failing to interpose the defense in the proper manner, we see no particular difficulty in the way of holding that the debtor may, at least, by an independent contract made after the statutory period has commenced to run, deprive himself, for a limited time at any rate, of the right to interpose the statutory privilege. The argument as against such a contract, on the ground of public policy, can hardly be stronger than the claim of immunity from the result of fraud or unconscionable advantage arising out of the representation relied on by the other party, that the statutory bar would not be interposed. But we need not decide the question as to the validity of such a contract, for no such contract is involved in this case. We desire to insist on the distinction between a case of contract and a case of estoppel. It may be that such a contract duly entered into, would operate as an estoppel, but it is clear that an estoppel may arise without contract. For instance, it has been held that a representation by which

a debtor whose property has been sold under execution has been induced to let the statutory period of redemption expire without making redemption, in reliance on the representation of the purchaser that redemption would be allowed after the expiration of such period, would estop the purchaser from resisting redemption by the debtor after the statutory period. *Schroeder v. Young*, 161 U. S. 334 (16 Sup. Ct. Rep. 512, 40 L. Ed. 721). The case just cited furnishes an excellent illustration of an estoppel where there is no contract, for, while the debtor did rely on the promise of the purchaser, there was evidently no agreement on the part of the debtor to do anything, and therefore no consideration for the purchaser's promise to allow the debtor to redeem. Adopting, as we think we well may, the analogy of the cited case, we find no difficulty in the present case in holding that although the defendant did not definitely promise to pay any sum by way of settlement, and the plaintiff did not promise to forbear suit for any specified period, nevertheless, if Dimmock, for the defendant, gave assurance that the statutory limitation would not be interposed, with the intention that plaintiff should rely on such assurance, and plaintiff, relying on such assurance, postponed the bringing of action until after the expiration of the statutory period, then the defendant estopped itself from interposing the statutory bar to this action, which was brought as soon as it became apparent that the negotiations for an adjustment of the claim would be ineffectual. By putting our decision squarely on the doctrine of estoppel, and not on that of contract, we avoid difficulties which have been experienced when a contract has been relied on, either as binding in itself, or as a basis of an estoppel. For instance, we are not troubled as the court was in *Kellogg v. Dickinson*, 147 Mass. 432 (18 N. E. Rep. 223, 1 L. R. A. 346), with the question whether the promise not to interpose the statutory bar is to be

effectual without limit of time, for the estoppel would only be effective so long as the creditor reasonably relied upon defendant's representations as an excuse for not instituting the action. *Cowart v. Perrine*, 21 N. J. Eq. 101. Our conclusion finds support in *Cecil v. Henderson*, 121 N. C. 244 (28 S. E. Rep. 481); *Missouri Pac. Ry. Co. v. B. F. Coombs & Bro. Commission Co.*, 71 Mo. App. 299; *Trust Co. v. Cochran*, 130 Cal. 245 (62 Pac. Rep. 466, 600); and *Randon v. Toby*, 11 How. 493, 519 (13 L. Ed. 784); and, as already indicated, in *Gaylord v. Van Loan*, 15 Wend. 308, and *Insurance Co. v. Bloodgood*, 4 Wend. 652, in which we think the correct doctrine is recognized, although they are discredited, as we have seen, in the later case in the same state. The reasoning on which we rely is quite fully set out, and the authorities in support of it collected, in the first opinion in *Bridges v. Stephens*, 132 Mo. Sup. 524 (34 S. W. Rep. 555); but in that case the court was evenly divided on the question. Our conclusion is also supported, by analogy, in *Bish v. Insurance Co.*, 69 Iowa, 184; *Little v. Insurance Co.*, 123 Mass. 380 (25 Am. Rep. 96), and like cases, where it is held that an insurance company may estop itself to set up a contractual limitation of the time for bringing action by representations inducing the insured to believe that such limitations will not be relied on. We conclude, therefore, that the lower court did not err in overruling objections to evidence tending to show that such representations as we have referred to were made by Dimmock to plaintiff for the purpose of inducing her to refrain from bringing action until after the statutory limitation had expired.

We find no error in the action of the lower court and the judgment is AFFIRMED.