MARY F. WINN, Appellee, v. DINSDALE GRAIN & LUMBER COMPANY, Appellant.

**LANDLORD AND TENANT: Lien—Agreement by Conversioner.** One who has, by purchase, converted grain on which a landlord has a lien for rent, and who afterwards, on a new consideration, agrees to pay the landlord the amount of his lien, may not defend action on such agreement on the ground that such action was brought *after* the landlord's lien had expired.

*Appeal from Tama District Court.*—JAMES W. WILLETT, Judge.

DECEMBER 11, 1923.

DEFENDANT appeals from the judgment of the court below, overruling its demurrer to plaintiff's petition.—*Affirmed.*

*Charles A. Pratt,* for appellant.

*Struble & Stiger,* for appellee.

STEVENS, J.—This is an action to recover the value of certain corn and other grain sold by E. L. Mohler, appellee's farm tenant, to appellant, upon which grain she had a landlord's lien for rent due for the year 1920. Action was not begun until October, 1921, which was after the lien of the landlord had expired.

The petition is in two counts. In the first count, appellee
alleges that she deferred commencing action until the October
term of court, in pursuance of an agreement with appellant to
pay the amount claimed, in consideration of her co-operating
with and assisting appellant to locate other purchasers from
Mohler of grain that was grown on the leased premises, with
whom the liability might be prorated. In the second count, the
same facts are set up, by way of an estoppel against appellant
to plead or rely upon the statute of limitations. It is true that
the word "estoppel" is not mentioned in the petition, but coun-
sel on both sides seem to interpret the pleadings as attempting
to set up facts in avoidance of the statute. Appellant demurred
to the petition upon the specific grounds that the facts pleaded
did not constitute a contract on the part of appellant to pay
the amount claimed, and that the original cause of action is
barred by the statute of limitations. The court below overruled
the demurrer, and, appellant electing to stand thereon, judgment
was entered against it for costs.

The agreement, if any, on the part of appellant to pay
appellee's claim is in writing, and grows out of a somewhat
extensive correspondence between appellee's attorney and ap-
pellant and its attorney. The correspondence began on May 11,
1921, by a letter written by appellee's attorney to appellant,
and terminated October 3d, when appellant's attorney wrote
appellee, or her attorneys, that appellant would make no fur-
ther effort to adjust the matter, and suggested that appellee
take whatever action she desired. Appellee's lien expired Sep-
tember 1, 1921. Neither appellant nor its attorney, although
they each wrote a number of letters to appellee's attorney, de-
nied having purchased corn of Mohler, or that it was liable for
the amount. On the contrary, appellant, in a letter dated July,
1921, specifically admitted liability. The correspondence does
not, however, in specific terms, disclose an unequivocal promise
or agreement to pay. If appellee has charged a good cause of
action upon an express contract, it is not material that it was
not commenced until after the landlord's lien had expired. The
agreement constitutes an independent undertaking, based upon
a new consideration. The demurrer does not raise an issue as
to the consideration. One thing the correspondence makes clear,

and that is that appellee and her attorney understood and believed that appellant intended to assure them that the claim would be paid, if action was deferred and opportunity given it to locate other purchasers of grain from Mohler, and if appellee would co-operate in an effort to secure a settlement with such other purchasers upon a pro-rata basis. We also conclude from the correspondence that appellant and its attorney did, in fact and in good faith, induce appellee to forbear commencing suit until an effort could be made to prorate the liability with other purchasers of grain upon which appellee had a landlord's lien, and that they intended appellee and her attorneys to believe and understand that no defense to her claim would be made by appellant. These assurances might, we take it, amount to an estoppel to plead the statute of limitations, without a specific agreement to that effect. Such is our holding in *Holman v. Omaha & C. B. R. & B. Co.*, 117 Iowa 268. But we are persuaded that a fair interpretation of the correspondence, in which appellant admits liability, discloses an agreement on its part to pay the claim. The effort on the part of appellant, in which appellee joined, was not to secure a compromise with her, but to obtain an adjustment of the liability of all purchasers of grain from Mohler upon a pro-rata basis, which appellant believed would reduce the amount it would have to pay. This, of course, depended upon whether the value of the grain sold was greater or less than appellee's claim. We are unwilling to believe that appellant was deliberately planning a trap for appellee, by inducing her to forbear legal proceedings until her claim was barred by the statute of limitations. Appellant must have known that the commencement of an action against it was being deferred in the belief, inspired by its correspondence and conduct, that the claim would be paid. While the statute of limitations is not referred to in any of the letters set out in the petition, the fact that the claim would be barred September 1st could not have been overlooked by the parties. Several letters of the same general character as those previously written were exchanged after that date. The correspondence discloses the steps taken by the parties to discover other purchasers of grain from Mohler, and to bring about a settlement with them. Mohler was examined upon citation before the court, at the request of

appellant's attorney, after September 1st, at which examination counsel for it was present. The correspondence will bear no other construction than that already suggested.

It is our conclusion that appellee rightly interpreted the letters written by appellant and its attorney as promising to pay her claim, and that, whether this is true or not, appellant is in no position to plead or rely upon the statute of limitations as a defense. This interpretation of the correspondence is in harmony with what seems to us to be the manifest good faith and intention of the parties.

It follows that the ruling of the court upon the demurrer was correct, and the judgment against appellant is—*Affirmed*.

PRESTON, C. J., DE GRAFF and VERMILION, JJ., concur.