ELIZABETH O. KNIGHT, Admr'x. *v.* ARCHIBALD BRASWELL.

A bond payable "with interest from date, the interest to be paid annually," is due and payable from date, and does not requires a demand upon the obligors for payment before suit brought.

A bond for the payment of money executed in May 1860, by the principal and his sureties is by the 16th section of the C. C. P. exempted from the operation of the statute of limitations as contained in the sections 31 and 34 of the C. C. P.

Where a bond is made payable "with interest from date, the interest to be paid annually," the interest becoming due at the end of each year. is not barred by any statute of limitation that does not bar a suit on the bond itself.

(The case of *Bledsoe v. Nixon,* 69 N. C. R. 89, cited and approved.)

This was a CIVIL ACTION tried at the last term of Edgecombe Superior Court, before his Honor, *Judge Moore,* when the plaintiff had a verdict and judgment, and the defendants appealed. The facts are fully stated in the opinion of the Court.

*J. L. Bridgers, Jr.,* for the defendants.

1. Statute of Limitations, C. C. P., sec. 16, application of, suspended to January 1, 1870, 65 N. C., 74. Action on sealed instrument against *principal* thereto, must be brought in ten years. C. C. P., secs. 31, 32. Against surety thereto, in three years, C. C. P., sec. 34.

2. Statute of Limitations, C. C. P., sec. 16, shall not apply to any case in which an action has been commenced, or a right of action *already* accrued, but such cases shall be governed by the law in force at the adoption of the Code.

The question to be considered here is the *actio accrevit.* The defendant is a surety to the instrument on which this action is brought.

A demand,—that is reasonable notice given on the covenantor is necessary in this case, before right of action can accrue; there must be a breach of covenant before plaintiff can have

cause of complaint. Here, there is no breach and none alleged. The contracting terms and words of the covenant are peculiar. The money is loaned for the interest, the interest is to be paid "annually;" covenantor contracts to pay interest annually. Covenantee contracts it shall only *become* due and payable annually. From the contract it is clear A can have the money for *one* year, interest to be due and payable at the end of the year. At the end of the year B makes no demand, nor gives notice to A to pay the principal. B does not notify that the loan terminates now, but allows A to continue holding the money, and it results in a loan from year to year. A, being thus possessed of and entitled to a peculiar estate in the money. And B must give A reasonable notice before he can complain of a breach of covenant and sustain action against A to divest him of this estate. Nor can B have a right of action accrued until he gives notice to A to make payment; that is, the loan *terminates*; for the word "annually" is an *operative* word here, and by virtue thereof A acquires a vested estate or right, which is determinable and at an end, by a reasonable notice from B to A to make payment of principal. It is impossible for A to gather a *constructive notice* from the terms of the covenant, because the limitation to be put to the period of time created by the word "annually" is *with* B, and whenever B gives A reasonable notice, the period thus created is at an end; and if A fails to comply, then B has a right of action accrued, there is a breach of covenant. The covenant is an evidence that A owes B, that is, a sum of money is due B, and absolutely payable according to the *purport* of the covenant. Story on Prom. Notes, f. 36, 529.

Now, the purport is, that the money is loaned for the period of a *year*, as is shown by the word "annually," and it not being returned at the end of that time, then B must give A notice.

This covenant is very different from the usual form of covenants to pay money. B, a Master and Clerk in Equity, invests funds for a length of time, as is clear from the contracting terms, and this is the purport of the covenant. If A is not

entitled to notice, then B has a cause of action accrued imme-
diately after the execution of the covenant and can sue at once,
which will utterly defeat the purport of the covenant, and
deprive A of the use of the money, the consideration of the
loan, but this is provided for by the word "annually." We
have by parallel analogy : A rents a house from B for one
year. B allows A to hold over and commence another year ; an
estate of tenancy from year to year is created, and B cannot
evict A without first giving him six months notice. *Stedman*
v. *McIntosh*, 4 Ire., 291. In *Bledsoe* v. *Nixon*, 69 N. C.,
Chief-Justice PEARSON says, interest is given for the use of
money, rent for the use of real property, &c. In our case the
loan is allowed to run from year to year ; interest is as valuable
as rent, money as real estate. Then we may say the cove-
nantee in this case is entitled to reasonable notice, before a right
of action can accrue.

No counsel in this Court for plaintiff.

BYNUM, J. This is a civil action begun the the 27th of
March, 1873, on a bond, of which the following is a copy,
to wit :

"With interest from date, the interest to be paid annually,
we promise to pay Joseph A. Englehart, Clerk and Master in
Equity for Edgecombe county, five hundred and sixteen dol-
lars and sixty-eight cents, for value received, this 28th day of
May, 1860."

The defendant, Braswell, is one of the sureties thereon, and
in his answer relies, 1. On a want of demand made before
action, and 2. On the statute of limitations barring actions
against sureties after three years. C. C. P., secs. 31 and 34.
The defendant's counsel relies upon the words in the bond,
"the interest to be paid annually," as constituting a covenant
of loan for one year at least, and so from year to year, until
the contract is terminated by notice and demand. No author-
ity is cited for this construction, and in the absence of any ex-

press provision in the bond to that effect, the Court must give it that obvious and natural construction which its wording implies, to wit, that it due and payable from date, but if payment is postponed for one year or more, then the interest shall be annually due and collectable. The covenant is inserted for the benefit of the covenantee and is not to be construed to his prejudice.

This construction of the bond disposes also of the second defence, to wit, the statute of limitations; for, as the cause of action accrued before the C. C. P. went into effect, the 16th section of the Code expressly saves this and like cases from the operation of sections 31 and 34 of the Code, which bars actions against sureties after three years.

But the defendant says, if this be so, yet a part of the plaintiff's demand comes within the operation of the statute and is barred; for that in *Bledsoe* v. *Nixon*, 69 N. C. Rep. 89, it is held that when there is an agreement set out in the note for the payment of interest annually or semi-annually, the maker is chargeable with interest at the like rate upon each deferred payment of interest in like manner as if he had given a promissory note for the same amount; and that therefore here such annual accretion of interest becomes a separate cause of action, and it was error in the Court under this plea to render judgment upon the deferred payments of interest which accrued after the Code went into effect and more than three years before action begun.

In this case his Honor gave judgment by computing interest upon the note and adding thereto the interest upon each deferred payment of interest.

In this there is no error. There is but one contract and that is evidenced by the bond which covenants to pay interest annually. Interest is an incident of the debt—a parcel of the bond—and partakes of its nature and therefore is barred by the same lapse of time only which bars an action on the bond out of which it arises.

It has been repeatedly held that coupons, though cut off

from the bonds and put in circulation as other negotiable securities, still retain the dignity of the bonds from which they were separated, and an action upon them is barred only as an action upon the bonds themselves. *The City* v. *Lamson*, 9 Wall, 483 ; *City of Lexington* v. *Butler*, 14 Wall, 282.

The ruling of his Honor upon both points is therefore sustained.

