GEORGE W. LIBBETT and another v. JOHN A. MAULTSBY.

Where a legacy was given to the defendant *in trust,* "the principal and interest to be expended for the maintenance and education" of the plaintiffs, as the trustee thinks best: *Held,* that the *cestui que trust* (the plaintiffs) were entitled to an account as to the manner in which the legacy had been expended.

Where the right of action by a *cestui que trust* against a trustee, accrued prior to the adoption of the Code of Civil Procedure in August, 1868, the limitation prescribed in the Code does not apply, but it is governed by the law as it stood before the enactment of the Code; and as there was no statute limiting the time when such actions should commence, it is left to the principle established by Courts of Equity in such cases.

When one judgment is rendered in favor of two plaintiffs, their claims being several and distinct, *it is error,* which would entitle the defendant to have such judgment reversed, if he had suggested an injury. If no injury is or can be shown, and the record contains the material upon which a severance of the judgment can be made, if asked for, it will be referred to the Clerk to make the same.

CIVIL ACTION, to recover a legacy, and for an account, tried before *Russell, J.,* at the Spring Term, 1874, of the Superior Court of COLUMBUS county.

The following are the substantial facts of the case. This action is brought by the plaintiffs to recover of the defendant a legacy, or two lagacies, which had been bequeathed to him by one Anthony F. Toon, under the following clause in said Toon's will:

"In the seventh place: 1 give and bequeath and devise unto John A. Maultsby, one of my executors, the sum of three hundred dollars, for the use and benefit of George W. Libbett; (one of the plaintiffs;) and the sum of two hundred dollars for the use of Annett Libbett, (the other plaintiff,)—the principal and interest to be expended for their maintenance and education, from time to time, as he, the said John A. Moultsby (the defendant) thinks best.

And I also give and bequeath to him fifty dollars, to have a

small house built for said children, on a tract of land containing sixty acres, that I intend to give to George Libbett."

The defendant claimed in his answer, that he was not liable to account with the plaintiffs, for the manner in which he had disposed of the funds; that he had collected the notes which constituted the legacy during the existence of the Confederate States, and converted the same into Confederate bonds, which were lost; and for a further defence, the defendant alleged that the plaintiffs demanded the legacy of him in the year, 1865, and relied on the statute of limitation of three years.

At Fall Term, 1873, the case was referred to the Clerk of the Court to state an account between the parties, and at Spring Term, 1874, the Clerk reported, charging the defendant with $325,67.

To this report, both plaintiff and defendant excepted, and the issue as to the statute of limitatations was submitted to a jury, who found that that the plaintiff, George W., had demanded a settlement more than three years before bringing this action.

His Honor was of the opinion that the defendant was liable to account; that the notes received by him, being good *ante bellum* notes, the collection of them in Confederate money was unauthorized, the defendant failing 'to show any necessity therefor; and this legacy being given to the defendant on an express trust, was not within the statute of limitations. His Honor thereupon ordered the report of the Clerk to be amended in accordance with the plaintiffs' exceptions, (as to interest, &c.,) and gave judgment for plaintiffs in accordance with the amended report.

From this judgment defendant appealed.

*Moore & Gatling*, for appellant.
*A. T. & J. London*, contra.

RODMAN, J. It was not seriously denied in this Court that the defendant was constituted by the will of Toon, a trustee for

the two plaintiffs for their respective legacies. That being the case, although his discretion in expending the principal and interest of the fund for the benefit of the children during their minorities, was extensive, and, if honestly exercised, would not be interfered with by any Court, yet the trust was for the benefit of the plaintiffs, and upon no principle of equity, could the fund be permitted to be converted by the defendant to his own use. It is clear, therefore, that the plaintiffs were entitled to an account, unless their action is barred by the statute of limitations. This was the defence principally insisted on here.

1. Before the enactment of the Code of Civil Procedure in August, 1868, there was no positive and absolute limitation to an action by a *cestui que trust* against an express trustee. The lapse of time after the accrual of a right of action was only evidence tending to raise a presumption, that the right had been satisfied or released. *West* v. *Sloan*, 3 Jones Eq., 102.

It is not material to consider accurately what lapse of time would furnish a conclusive presumption against the plaintiffs in the present case, supposing the law to be as it was before August, 1868; for, in any view, it would not be less than ten years, and as much as ten years did not elapse from the arrival of the plaintiffs at full age, to the bringing of the present action.

The learned counsel for the defendant, however, contends that the present action comes within the scope of the Code and within section 34, that it is in the words of that section: " An action upon a contract, obligation or liability arising out of a contract express or implied, except those mentioned in the preceding sections ;" and that consequently it is barred in three years. Whether an action by a *cestui que trust* against an express trustee created by contract, comes within sec. 34, or as one of the " actions for relief not herein provided for," which are provided for in sec. 37, is a question of very great importance, but which we think does not arise in the present case. The first question which we have to decide is, whether the present action is within the scope of the C. C. P., and we

think it is not, but is governed by the law existing prior to the enactment of the Code in 1868.

Section 16 of C. C. P., Title IV, is as follows : " The provisions contained in chapter 65 of the Rev. Code, entitled " Limitations," are repealed, and the provisions of this title are established. *This title shall not extend to actions already commenced, or to cases where the right of action has already accrued,* but the *statutes* previous to the ratification of this act shall be applicable to such cases ; and in cases where the right of action has already accrued, but the action has not been commenced, the said *statutes* shall be applied according to the subject matter of the action, and without regard to the form." It is not denied that a right of action had accrued to these plaintiffs before 1868, and the section cited (16) expressly excepts from the operation of the whole title, " cases where the right of action has already accrued." This would seem to be conclusive that the case of the plaintiffs was not embraced within the title, in which case it would be left under the pre-existing law, that is, subject to no *statute,* but to the principle established by Courts of equity in such cases. If the section cited had stopped at the words " already accrued," just quoted, there would have been no color at all for the defendant's contention. The plaintiff's case would have been left to the old law, notwithstanding the repeal as to new cases of the chapter concerning " Limitations" in the Revised Code. But in as much as that statute, (which no way affected the plaintiff's case) had been repealed by previous words, it became necessary, in order to provide for cases to which that statute did apply, to insert the words following which provide that notwithstanding its repeal as to after accruing actions, it should continue in force as to such as had already accrued, and which by their form did come within it.

The learned counsel contends that " statutes " means the written law only, and that only is continued in force. Grant it ; the word taken strictly does mean only the written law. But still Title IV, under which the counsel contends that

plaintiffs are barred does not apply to " causes of action already accrued," as the plaintiff's had. Grant that the previous *statutes* of limitation had been repealed, the right of the plaintiffs to sue within (say) ten years was not affected, for no statute applied to his case. And, as his case is expressly excluded from Title IV, there is no statute which applies to it at this time.

We think his Honor committed no error on this point.

2. The defendant says there is error, in that the judgment is a consolidated one for both plaintiffs, whereas their claims are several. That is an error, and if the defendant had suggested that he was injured by it, he would clearly be entitled to leave the judgment reversed on that account. But there is no ground that appears to us for any such suggestion, and none such has been made. The record contains the materials upon which a severance of the judgments can be made, and if asked for by any party it will be referred to the Clerk of this Court to make it.

3. The defendant also charges error, in that, by the decree, there is a consolidated judgment for principal and interest, whereby the interest bears interest. This is manifest error, which could only have proceeded from inadvertence. The plaintiffs, however, consent to a correction of the judgment in that respect, which will be made accordingly.

After this correction is made, and subject to the application for a severance above allowed, the judgment of the Superior Court is affirmed, and judgment will be given here in accordance with this opinion.

The judgment below being in part erroneous, each party will pay his own costs in this Court.

PER CURIAM. Judgment accordingly.