### HENRY W. FAISON v. HALSTEAD BOWDEN, Ex'r.

The exclusion of evidence of parol promises to pay a debt, otherwise barred by the Statute of Limitations, when a right of action had accrued to the plaintiff, before the adoption of the Code of Civil Procedure, is error in the court below, and entitles the party offering the same to a *venire de novo.*

(*Knight* v. *Braswell,* 70 N. C. Rep. 709; *Libbett* v. *Maultsby,* 71 N. C. Rep. 345, cited and approved.)

CIVIL ACTION, tried before *Kerr J.,* at Spring Term, 1875, of DUPLIN Superior Court.

The action was brought by the plaintiff against the defendant who is the executor of Buckner L. Hill, to recover the sum of $1,565.57, alleged to be due the plaintiff for professional services rendered the deceased by the plaintiff as a physician. The items of the bill commenced in the year 1854, and continued up to the time of the death of the testator of the defendant, in the month of November, 1861, and also

continued for some time after his death. The items after the death of the testator are alleged to be due for professional services rendered at the request of the defendant.

The defendant in his answer denied the account and relied upon the statute of limitations. As a farther defense the defendant alleged that he had fully administered the assets of the testator.

The plaintiff in his reply alleged a new parol promise from the testator, relying upon the same to repel the statute of limitations.

Upon the trial the plaintiff was introduced as a witness and proved a debt of sixty dollars, under the book debt law, and forty dollars for services rendered the slaves of the estate at the request of the defendant after the death of his testator.

The plaintiff then offered to introduce testimony of new parol promises by the testator, to pay the plaintiff the said bill, amounting to about fifteen hundred dollars.

The court ruled out the testimony under the provisions of title IV, chap. 4, sec. 51, C. C. P., holding that under said section, the plaintiff could not prove a new promise by parol that was made prior to three years next preceding the commencement of the action, but that the new promise must be in writing. The action was commenced October 25th, 1869.

To this ruling of the court the plaintiff excepted.

There was a verdict and judgment thereupon in favor of the plaintiff for the sum of one hundred and ninety-two dollars and seventy-five cents. The plaintiff moved for a new trial. The motion was overruled by the court and the plaintiff appealed.

W. S. & D. J. Devane, for the appellant.
Stallings, contra.

Rodman, J. This action was commenced on 5th October, 1869, to recover for medical services to the testator, begin-

ning on 19th April, 1854, and continued until 22d December,. 1860. The complaint also contained a demand for medical services to the slaves of the testator, rendered after his death. at the request of the executor. On this last demand no ques- tion is presented. A large part of the plaintiff's demand was. barred by the statute of limitations, and to rebut this bar he. offered in evidence parol promises by the testator to pay the whole demand against him, made in 1858, 1859 and 1860.. The Judge excluded the evidence, because the promises were not in writing as required by C. C. P. sec. 51. (Bat. Rev.. chap. 17, sec. 51.)

We consider it clear that this section has no application to the plaintiff's case. Section 16 provides " this title (Limita- tions) shall not extend to actions already commenced, or to. cases where the right of action has already accrued," &c. Here the right of action had accrued as well upon the new- promise as upon the old, before the adoption of the C. C. P. in August, 1868. *Knight* v. *Braswell,* 70 N. C. Rep. 709 ;. *Libbett* v *Maultsby,* 71 N. C. Rep. 345.

There was error in the refusal to receive the evidence.

PER CURIAM. Judgment reversed, and *venire de novo..*