W. H. CAPELL v. N. M. LONG.

*Notes and Bonds—Assignment after Maturity—Equities—Principal and Surety.*

A negotiable note or bond executed by a principal and surety, which relation is known to the payee or obligee, and transferred after maturity for valuable consideration, is subject to all equities and defences existing between the original parties, whether the transferee took with or without notice; *Therefore*, if more than three years have elapsed between the maturity of a bond and action brought on the same, the surety may plead the statute in bar of recovery.

(*Knight* v. *Braswell*, 70 N. C., 709; *Welfare* v. *Thompson*, 83 N. C., 276; *Turner* v. *Beggarly*, 11 Ired., 321; *Little* v. *Dunlap*, Busb., 40; *Haywood* v. *McNair*, 3 Dev., 231; *Harris* v. *Burwell*, 65 N. C., 584; *Mebane* v. *Patrick*, 1 Jones, 23; *Seawell* v. *Bunch*, 6 Jones, 195; cited and approved.)

CIVIL ACTION commenced before a justice of the peace and tried on appeal at November Special Term, 1880, of HALIFAX Superior Court, before *Graves, J.*

This action begun on the 22d of January, 1879, was founded on a bond executed by J. A. Turpin and N. M. Long, which is not set out in the return made by the magistrate to the superior court, but the defendant, Long, had leave to file his answer in that court, in which he stated that one J. A. Turpin and he executed their bond whereby they promised to pay W. T. Whitfied, treasurer, &c., the sum of one hundred dollars with interest on the same at eight per cent. from the 22d of November, 1875, the date of the bond; and that on the 13th of March, 1876, said Whitfield transferred and assigned the bond to the plaintiff, Capell, for value. By a written agreement signed by counsel, it was admitted that the bond was made payable ninety days after date.

The plaintiff filed a reply to the answer in which he stated that he had no notice that defendant was surety on the bond, but he believed when accepting the bond that defendant was joint principal with Turpin.

At said term the matter was heard upon a case agreed, and the facts admitted were, that the bond was executed by Turpin as principal and Long as surety for him; that this was known to Whitfield, the payee, and the bond was sold and transferred to plaintiff for value received, after it was due; that plaintiff did not know the defendant was surety, and that the bond was due more than three years before this action was commenced.

Upon this state of facts, the court being of the opinion that the action was barred by the statute of limitations, rendered judgment in behalf of the defendant, and the plaintiff appealed.

*Messrs. Day & Zollicoffer*, for plaintiff.
*Messrs. R. B. Peebles, Thos. N. Hill* and *J. B. Batchelor*, for defendant.

ASHE, J. It having been admitted in the "case agreed" that the defendant was surety on the bond in suit, and that that fact was known to Whitfield, the payee, and that it was assigned by him after its maturity to the plaintiff, who paid value therefor, and had no notice at the time of accepting the same that Long was surety, the only question left for our consideration is, whether under these circumstances the plaintiff's action was barred by the statute of limitations.

If the bond had not been assigned, and the action had been brought in the name of Whitfield, the payee, we suppose there would have been no controversy on that point, as it has been expressly decided by this court that three years is a bar to an action brought against a surety on a note under seal. *Knight* v. *Braswell,* 70 N. C., 709; *Welfare* v. *Thompson,* 83 N. C., 276.

The bond bore date the 22d day of November, 1875, and was due the 22d day of February, 1876, and was assigned to the plaintiff on the 13th day of March, following, just twenty days after its maturity. The question then arises, how does the fact of the plaintiff's being an assignee for value, without notice, by an assignment after maturity affect the case? It is well settled not only by elementary writers, but by the decisions of this and other courts, that a negotiable bond or note overdue is dishonored, and one who takes it in that state is considered as taking it upon the credit of the endorser, and is to stand in place of the holder at and since its maturity. *Turner* v. *Beggarly,* 11 Ired., 321; *Little* v. *Dunlap,* Busb., 40; *Haywood* v. *McNair,* 3 Dev., 231. In which last case, Judge HENDERSON says: "A note that is overdue is dishonored, by which is meant, that if assigned, it is subject to all defences and exceptions to its payment in the hands of the assignee, to which it was open in the hands of the assignor."

According to these authorities, if this action had been brought upon a promissory note, assigned after maturity,

and three years had elapsed before the assignment, the action would have been certainly barred; but this action is on a bond that does not appear to be endorsed, to which the statute of limitations had no application, and such defence could not have been set up, at the time the decisions cited were made.

But important changes in the law in this respect have been made by the legislature of 1868. In section 55 of the Code of Civil Procedure, it is provided "that every action shall be prosecuted in the name of the real party in interest, except as otherwise provided, when the thing in action arises out of contract, and in the case of an assignment of a thing in action, the action of the assignee shall be without prejudice to any set-off or defence existing at the time of, or before notice of the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange transferred in good faith and upon good consideration before due."

A construction was given to this section by the court in *Harris* v. *Burwell*, 65 N. C., 584, where PEARSON, C. J., says it " abrogates the principle of the common law, that a chose in action cannot be assigned—confers an unlimited right to assign 'anything in action' arising out of contract, and subjects the assignee to any set-off or other defence existing *at the time of or before notice of the assignment;* the only saving being in regard to ' negotiable promissory notes and bills of exchange transferred in good faith and upon good consideration, before due.' This language is as broad as it well can be; so that a note assigned after it is due a half dozen times will be subject to any set-off or *other defence* that the maker had against any one or all of the assignees, at the date of the assignment or *before notice thereof.*"

In our case it does not appear from the record that the defendant had any *notice* of the assignment before the institution of the action, and as more than three years had

elapsed before then, after the maturity of the bond, the action is barred.

But there is another view of the case which is equally fatal to plaintiff's right to recover. The bond sued on was overdue, dishonored, when assigned; and the plaintiff received it subject to all equities, defences, defects and infirmities to which it was open in the hands of the obligee, and the statute had begun to run before the assignment; and when it once begins to run, nothing will stop its course, not even supervening disabilities. *Mebane* v. *Patrick*, 1 Jones, 23 ; *Seawell* v. *Bunch*, 6 Jones 195.

There is no error. The judgment of the superior court is affirmed. Let this be certified.

No error.                                         Affirmed.