### WILLIAM HAYMORE v. COMMISSIONERS OF YADKIN.

*Statute of Limitations—Mandamus.*

1. Defendants will not be allowed to set up the statute of limitations in bar of the plaintiff's claim when the delay which would otherwise give operation to the statute has been induced by the request of the defendants, expressing or implying their engagement not to plead it.

2. Mandamus is not now a prerogative or extraordinary writ, but a writ of right, to be used as ordinary process in any case to which it is applicable.

(*Daniel* v. *Com'rs*, 74 N. C., 494; *Lyon* v. *Lyon*, 8 Ired. Eq. 201; *Brown* v. *Turner*, 70 N. C., 93, cited and approved.)

CIVIL ACTION tried at Spring Term, 1881, of YADKIN Superior Court, before *Seymour, J.*

The plaintiff declares on two causes of action:

First, That in the year 1863 there were certain parties under indictment in the county of Yadkin, whose causes were removed for trial to the county of Surry, of which

latter county the plaintiff was at the time the sheriff and jailer. That at the first term of the superior court, next after such removal, the causes were continued, and the judge then presiding considering the jail of Surry county to be insecure, ordered that the prisoners should be transferred for safer keeping to the jail of Forsyth county, which was accordingly done by plaintiff—his charges for so doing including board, guarding, transportation, fees and expenses amounting to $137. That he present an itemized account of his charges to the board of commissioners of Yadkin county, and requested that the same might be audited and ordered to be paid, when the said board requested that the plaintiff should forbear to press his claims until a suit which the jailer of Forsyth county had then instituted against the defendants for the board and keeping of the same prisoners while confined in that county, was determined, promising plaintiff to pay his claim provided that suit resulted adversely to the county. That said suit did so terminate and the defendant board was adjudged to pay the claim of the Forsyth jailer, and have so done, but still refuse to pay the plaintiff, or even to audit his claim.

Second. That as sheriff and jailer aforesaid, the plaintiff had other claims against the county of Yadkin, which he presented to the board of commissioners thereof in the year 1869, when the same were approved and the plaintiff informed that an order would be issued for the payment thereof on the treasurer of the county, but the said commissioners requested a delay in the matter, in order that he proper entries might be made in their books and the order prepared by their clerk, to which the plaintiff assented, and the matter was thus postponed until 1879, when the plaintiff applied for the order and was refused—the defendant board saying that they preferred that plaintiff should sue them, and allowing him to take a copy of the order still in the hands of their clerk and which is as fol-

lows: " No. 59. $364.20. Board of commissioners of Yad-
kin county—Yadkinville, N. C., February 1st, 1869. Or-
dered that the county treasurer pay to Wm. Haymore three
hundred and sixty-four 20-100 dollars for jail fees for keep-
ing J. R. Joyce in Surry county jail in 1866, and others.
Signed, T. D. Talbert, register and clerk," &c.

The plaintiff's prayer is for judgment for the amount of
his demands and for a writ of mandamus, &c.

In their answer the defendants deny all knowledge of the
facts alleged in the complaint and plead the statute of limi-
tations in bar of the plaintiff's demands.

After the jury were impanneled and the pleadings read
in the court below, His Honor announced that he should
charge the jury that the plaintiff's right of action was bar-
red by the statute of limitations, and thereupon the plain-
tiff submitted to a nonsuit and appealed.

*Messrs. J. M. Clement* and *W. H. Bailey*, for plaintiff.
*Messrs. Watson & Glenn*, for defendant.

RUFFIN, J., after stating the case. So far as regards the
plaintiff's first cause of action, the case seems to be parallel
with that of *Daniel* v. *Commissioners of Edgecombe*, 74 N. C.,
494. It was there held to be contrary to equity and good
conscience for the defendants to plead the statute of limita-
tions, after they were understood by the plaintiff's attorney
in the cause, to have agreed that his claim should abide the
result of another action to be instituted, on a similar claim,
by another person, and had in pursuance of that agreement
accepted the service of the summons taken out at the in-
stance of that other person. This holding is supported by
the clearest authorities and is in itself reasonable and just.
Courts of equity will prevent a party from setting up an
unconscientious defence at law, acting by means of an in-
junction to that end, when the courts of law and courts of

equity are separate and distinct tribunals, but directly in the case where the two have been consolidated as with us. 2 Story Eq. Jur., 903.

The jurisdiction of a court of equity thus to restrain a party from pleading the statute of limitations, who has agreed not to take advantage of the delay in bringing the action, thereby contributing to such delay, is distinctly recognized in *Lyon* v *Lyon*, 8 Ired. Eq., 201, and also in High on Injunctions, 72.

In view of these authorities, we think His Honor erred in deciding that the plaintiff's right of action as to his smaller demand is barred by the statute, that is, as a matter of law and upon the statement as made in the complaint. How it will turn out to be when the facts are fully developed, we cannot now tell.

This renders it unnecessary that we should consider any other points made in the argument as they may not be raised on another trial, except to say, that the writ of mandamus is no longer regarded as an extraordinary remedy, to be issued only by the express order of the court, whose high prerogative it is to see that sufficient cause for it is shown, and that without it, there would be a failure of justice. According to modern practice, it has become to be a writ of right, to be issued as ordinary process in any case to which it is applicable, and the statute of limitations applies to it with the same force as to any other form of action. *Brown* v. *Turner*, 70 N. C., 93; *Kendall* v. *The United States*, 12 Peters, 524; *Commonwealth of Kentucky* v. *Dennison*, 24 How., 66.

Error.                          Reversed and *venire de novo*.