## BARCROFT & CO. v. ROBERTS & CO.

### Reference—Statute of Limitations.

1. In a reference under THE CODE, the referee reports the evidence and his findings of fact therefrom and his conclusions of law. Upon exceptions filed, the judge reviews the findings of fact and law—the findings of fact by the judge being conclusive, and his conclusions of law reviewable on appeal; but if the judge does not find the facts, it is presumed he accepts those found by the referee.

2. A party will not be allowed to set up the statute in bar of a debt, where it appears the delay in suing was caused by the promise of himself or attorney that the matter would be settled and no advantage taken of the lapse of time.

(*Green* v. *Castlebury*, 70 N. C., 20; *Haymore* v. *Com'rs*, 85 N. C., 268, and cases there cited, approved.)

CIVIL ACTION, tried upon exceptions to a referee's report, at Fall Term, 1884, of BUNCOMBE Superior Court, before *Graves, J.*

The action was brought on the 21st of October, 1878, to recover the sum of $390.95 due on account for goods sold by the plaintiffs to the defendants on the 17th of January, 1870, payable in sixty days from the date of the purchase,

and at fall term, 1878, the defendants in their answer alleged payment in full.

At spring term, 1880, the defendants by leave of court filed an amended answer, in which they set up that more than three years had elapsed since the cause of action accrued, and at spring term, 1883, by consent, it was ordered that all the issues involved in the case be referred to A. F. Summey, as referee, with directions to report to the next term. The report was accordingly filed, and is as follows:

*Findings of fact*—" G. M. Roberts & Co. and G. M. Roberts had dealings with Barcroft & Co., commencing in April, 1869.

G. M. Roberts & Co. purchased of the plaintiffs various bills of goods, &c., amounting in the aggregate to $1,509.81, during that period, the first bill being sold 6th April, 1869, and the last bill 17th January, 1870.

The defendants have paid in various payments extending from 15th January, 1870, to August, 1875, $1,266.13, leaving a balance due 26th August, 1875, of $243.18.

The credit entered the 15th January, 1870, for $238.37 was the net proceeds of the $246 draft, the cost of collecting the same being $7.63, and there was no draft paid for said amount of $238.37.

The defendant, G. M. Roberts, has claimed from the first that he paid two drafts, one for $240, and one for $238.37.

W. M. Cocke, Jr., attorney for the plaintiffs, to whom this matter was originally entrusted for settlement, delayed bringing an action because of the repeated promises of the defendant, G. M. Roberts, to settle the matter and pay whatever balance might be due; and the further promise of G. M. Roberts or J. L. Henry, who was the attorney for the defendants, that they, the defendants, would not rely upon the statute of limitations.

The defendants have received credit for all the payments they have made.

BARCROFT *v.* ROBERTS.

No judgment has heretofore been obtained or docketed against the defendants upon the amount declared for in the complaint, and the debt due the plaintiffs has not been satisfied as alleged by the defendants.

The amount sued for in the complaint, $391.95, is erroneous, and in excess of the amount due as principal ; but the sum of $243.18 is the principal amount due.

The money receipted for as per receipt filed has been paid over to the plaintiffs, and cannot be set up against the claim declared for."

*Conclusions of law*—" The claim of the plaintiffs is not barred by the statute.

The defendants owe the plaintiffs the sum of $243.18, with interest thereon from the 26th day of August, 1875, and the plaintiffs are entitled to judgment against the defendants for the sum of three hundred and sixty-three dollars and twelve cents, of which sum $243.18 is principal, and $119.94 is interest, calculated from the 26th day of August, 1875, to 19th November, 1883, and for costs of this action." (Signed by the referee.)

The defendants thereupon filed the following exceptions to the referee's report, which were heard at spring term, 1884:

1. That the referee erred in his finding of fact " that W. M. Cocke, Jr., attorney for the plaintiff, to whom the matter was originally entrusted for collection delayed bringing an action because of the repeated promises of the defendant, G. M. Roberts, to settle the matter and pay whatever balance might be due, and the further promise of G. M. Roberts or J. L. Henry, that they, the defendants, would not rely upon the statute of limitations," in that no promise of defendants, or either of them, or of their attorney, was shown to have been within three years next preceding the bringing of this action, nor were said promises, if any, in writing, nor were said promises, if made within three years, sufficient in law to repel the statute of limitations.

2. That the referee erred in his finding of fact " that the defendants received credit for all the payments they have made," in that he does not allow the defendants credit for the sum of $500 paid by the defendants to the plaintiffs' attorney September 28, 1872, as shown by the receipt of said attorney, offered in evidence before the referee, and now on file in the records in this cause.

3. That the referee erred in his finding of law " that the claim of the plaintiffs is not barred by the statute of limitations," when as a matter of fact appearing on the record in this cause, more than three years had elapsed, prior to the bringing of this action, and no promises, verbal or written, were shown to have been made within said three years.

The court below sustained the exceptions and rendered judgment for the defendants, and the plaintiffs appealed.

*Messrs. Jones & Hardwicke,* for plaintiffs.
No counsel for defendants.

ASHE, J. The reference to Summey was a reference under THE CODE, and it was the duty of the referee to report the evidence, his findings of fact and his conclusions of law. And it was then the duty of the judge, upon exceptions filed by the defendants in this case, to review the findings of the referee upon the facts and law. The judge should then find the facts himself upon the evidence, and his conclusions of law upon his findings. His findings of fact, upon appeal to this court, are conclusive; and his conclusions of law upon them are alone reviewable. *Green* v. *Castlebury,* 70 N. C., 20.

But where the judge does not make a special finding of the facts, it is presumed in such case that he accepts the findings of the referee.

In the evidence reported by the referee, we find an exhibit marked " A," which one of the plaintiffs testified was a true

BARCROFT *v.* ROBERTS.

exhibit of all the credits to which the defendants were entitled. The exhibit is as follows:

"PHILADELPHIA, July 12th, 1883.

Messrs. G. M. ROBERTS & Co., Asheville, N. C.,

*In account with* BARCROFT & Co.:

[Remittances by Express must be prepaid.]

1869.

| | | |
|---|---|---|
| April 6th. To merchandise 60 days............... | $ | 370.52 |
| Sept. 25th. Interest .............................. | | 3.80 |

CR.

| | |
|---|---|
| July 25th. By cash .........................$300.00 | |
| Sept. 25th. " " .......................... 74.32 | |
| | |
| $374.32 | $ 374.32 |

1869.

| | | |
|---|---|---|
| May 14th. To mdse 60 days, due July 14th, 1869, | $ | 477.92 |
| Sept. 25th. " " " " Nov. 25th, " | | 689.07 |

1870.

| | |
|---|---|
| Jan. 17th. " " " " March 17th, 1870, | 342.81 |
| | |
| | $1,509.81 |

1870.        CR.

| | |
|---|---|
| Jan. 15th. By cash....... ....................$238.37 | |
| " expenses of collection.. .. 7.63 | |

1871.

| | |
|---|---|
| April 7th. " cash .......................... 104.63 | |
| May 12th. " " .......................... 100.00 | |
| June 13th. " " .......................... 200.00 | |

1872.

| | |
|---|---|
| Oct. 16th. " " .......................... 200.00 | |

1873.

| | |
|---|---|
| June 4th. " " $49.75, ex. 25c........ 50.00 | |

1875.

| | |
|---|---|
| Oct. 15th " " $239.09, ex. $26.91..... 266.00 | |
| Aug. 26th, " " $89.90, ex. $10.10...... 100.00 | |
| | 1,266.63 |

Bal. due exclusive of interest..... ......... ....$243.18

To mdse due March 17, 1870, $342.88

" interest to August 7, 1872,    41.13

Amount of claim sent W. M. Cocke, Jr., August 7, 1882, for collection, $391.95."

But the defendants offered in evidence a receipt for five hundred dollars, dated the 28th of September, 1873, and that this voucher was not allowed as a credit to the defendants by the referee; and this constitutes their second ground of exception.

The referee has found the facts, that the defendants had dealings with the plaintiffs, beginning in 1869; that the bills of goods purchased by them from the plaintiffs, between that time and the institution of this action, amounted in the aggregate to $1,509.81—the first bill having been sold April 6th, 1869, and the last, January 17th, 1870; and that the defendants have paid in various payments, extending from the 15th of January, 1870, to August, 1875, $1,266.13—leaving a balance due, on the 26th of August, 1875, of $243.18.

The referee does not find directly that the receipt of the $500 was embraced in the credits given to the defendants, so as to reduce the balance to $243.18, but does virtually so find, by finding that the balance due is $243.18. But if the credit of $500 had been allowed in addition to the other credits, it would have brought the plaintiffs in debt to the defendants several hundred dollars, which was never claimed by the defendants. This exception should have been overruled.

As to the first and third exceptions—The referee finds the facts, that J. L. Henry was the attorney for the defendants; and also that W. M. Cocke, Jr., attorney for the plaintiffs, to whom the matter was originally entrusted for settlement, delayed bringing an action against the defendants, because of the repeated promises of the defendant, G. M. Roberts, to settle the matter and pay whatever might be due, and the further promise of J. L. Henry or G. M. Roberts that they, the defendants, would not rely upon the statute of limitations.

The conclusion upon this finding was that the statute of

limitations did not bar the plaintiff's action, and His Honor sustained the exception to this ruling of the referee, and, in that, we think he erred.   We lay out of view the question whether the promises to pay should have been in writing, or whether they were sufficiently explicit to amount to such acknowledgments as would take the case out of the operation of the statute ; for the facts of the case oppose an equitable obstruction to the statute, which makes these other considerations needless.

Our courts, as now constituted with a blended legal and equitable jurisdiction, will prevent a party from setting up an unconscientious defence.   Thus, it was held in *Haymore* v. *Commissioners*, 85 N. C., 268, that the defendants will not be allowed to set up the statute of limitations in bar of the plaintiff's claim, when the delay, which would otherwise give operation to the statute, has been induced by the request of the defendants, expressing or implying their engagement not to plead it.

The same doctrine is announced in *Lyon* v. *Lyon*, 8 Ired. Eq., 201, where it was held that the neglect to prosecute a legal claim within the proper time, though arising from mistake, amounts to laches ; and the party must abide the consequences, unless the other party either agreed not to take advantage of the delay, or contributed to bring about the delay.

The same principle was decided in *Daniel* v. *Commissioners*, 74 N. C., 494, and this was a case where the agreement was made with the defendants' attorney.   Here, the promise was made either by the defendants or their attorney. But it was made by the one or the other, and it makes no difference which, according to the last cited case.   To the same effect is High on Inj., § 72, and Story Eq. Juris., § 1521.   There is error.   Let this be certified to the end that judgment may be rendered in conformity to this opinion.

Error.                                        Reversed.