TURNER JOYNER v. WILLIAM MASSEY, Jr.

*Statute of Limitation—Principal and Surety.*

1. Three years is a bar to an action against a surety although the note be under seal.

2. Where delay in bringing suit is caused by the request of the defendant, and his promise to pay the debt and not to avail himself of the plea of the statute, he will not be allowed to plead the statute, as it would be against equity and good conscience; but in such case the creditor must bring his action within three years after such promise and request for delay.

3. By SMITH, C. J.  In such case the request of the defendant for delay and his promise not to avail himself of the statute must be in writing, as provided by §172 of *The Code*, except in cases where it would enable the defendant to perpetrate a fraud.

4. By MERRIMON, J.  The right of the creditor to have the debtor restrained from setting up the statute where suit has been delayed at the debtor's instance, is not affected by §172 of *The Code*, and need not be in writing.

5. ALSO BY MERRIMON, J. The six year, and not the three year statute governs in such cases.

(*Knight* v. *Braswell*, 70 N. C., 709; *Welfare* v. *Thompson*, 83 N. C., 276; *Capell* v. *Long*, 84 N. C., 19; *Haymore* v. *Com'rs*, 85 N. C., 268; *Lyon* v. *Lyon*, 8 Ired. Eq., 201; *Barcroft* v. *Roberts*, 91 N. C., 363; *Daniel* v. *Com'rs*, 74 N. C., 500; cited and approved).

CIVIL ACTION, tried before *Shepherd, Judge,* at Fall Term, 1886, of WILSON Superior Court.

The plaintiff alleged that one Martha Egerton and the defendant, executed to him a note, of which the following is a copy :

" With interest from date, at 8 per cent., we, or either of us, promise to pay Turner Joyner the sum of two hundred and thirteen dollars and twenty-five cents, for value received. Oct. 28th, 1874.

(Signed)        MARTHA EGERTON, [Seal.]

(Signed)        WILLIAM MASSEY, [Seal.]"

And that no part of said note had been paid.

The defendant's answer admitted the execution of the note, but insisted that he had signed it as surety, and relied upon the statute of limitation.

The plaintiff replied, admitting that the defendant had signed the note as surety, but alleging that action had been delayed by the plaintiff at the special request of the defendant, for his accommodation, and upon his express promise to pay the same. The summons was issued the 16th day of August, 1883.

Issues were submitted to the jury, who found : (1.) That suit upon the bond was delayed by the plaintiff at the special request of the defendant for his accommodation, and upon his express promise to pay the same ; and (2.) That the request and promise were made in May, 1877.

Upon the verdict, the defendant moved for judgment, upon the ground that more than three years had expired after

May, 1877, and after the note became due, before this action was commenced. This was refused and judgment rendered for the plaintiff, and the defendant appealed.

*Mr. H. F. Murray,* for the plaintiff.
*Mr. E. R. Stamps,* for the defendant.

DAVIS, J., (after stating the facts). It is admitted by the plaintiff that the defendant signed the note as surety. It is well settled by statute and by decision, that three years is a bar to an action against a surety to a note, although under seal. *Knight* v. *Braswell,* 70 N. C., 709 ; *Welfare* v. *Thompson,* 83 N. C., 276 ; *Capell* v. *Long,* 84 N. C., 19.

The only question for our consideration is, did the defendant's request for delay, and his promise to pay, remove the bar of statute? If the action had been brought within three years after this request and promise, the statute would not equitably have barred ; though in *Shapley* v. *Abbott,* 42 N. Y., 443, it was held in a case like this, that a verbal promise not to plead the statute was not sufficient to avoid the operation of the statute.

In *Haymore* v. *Commissioners of Yadkin,* 85 N. C., 268, it was said that a Court of Equity would restrain a party from pleading the statute of limitation, who had agreed not to take advantage of the delay in bringing the action, thereby contributing to such delay ; and the case of *Lyon* v. *Lyon,* 8 Ired. Eq., 201, is relied on. In that case, Eleanor Lyon, the plaintiff, who was the widow of Robert Lyon, deceased, the intestate of the defendant administrator, had lost her legal right to her year's support by a failure to petition therefor at the term of the Court in which administration was granted, as was then required, and she pleaded her equity on the alleged agreement of the defendant, the administrator and only child of the intestate, that she need not apply for her year's support at the first term of the Court, but might

do so at a succeeding term, by which agreement she had lost her legal right to a year's support. The defendant denied this agreement, and sought to diminish the distributive share of the widow (who, together with himself, were the sole distributees,) by charging her with sums which he had advanced and paid to her by mistake, as he alleged, on account of her year's support. She was not allowed her year's support, nor was the defendant allowed credit for the advancements made to her on account of it. RUFFIN, C. J., said : " There is no equity between them, for if the defendant insisted that she had lost her right by not asserting it in proper time, she might urge, that to the extent of the advancements by him to her, he had waived the objection given him by the law, and more especially as he had deferred his objection until she could in no way proceed at law."

In *Barcroft* v. *Roberts*, 91 N. C., 363, it was held that the bar of the statute of limitation would not be allowed, when the delay which would otherwise give operation to the statute, " has been induced by the request of the defendants, expressing or implying their engagement not to plead it." In that case, the defendants had made payments, extending down to August 26th, 1875, from which time the statute would have run, and the action was brought October 21st, 1878. It was found as a fact, that the bringing of the action was delayed because of the *repeated* promises of the defendant and his attorney, that the statute of limitation would not be relied on. It does not appear when these " repeated promises " were made, but from the date given, it may be inferred with certainty that they were within three years preceding the bringing of the action.

So in the case of *Daniel* v. *Commissioners of Edgecombe*, 74 N. C., 500, it was held to be against equity and good conscience, for defendants to rely upon the plea of the statute, when it had been agreed by them that the plaintiff's claim should abide the result of a trial of another suit pending

against them upon a claim of similar character. RODMAN, J., said: "Deducting the time of *permitted* delay, the plaintiff's claim is not barred."

Conceding that these authorities, relied on by plaintiff's counsel, sustain fully the position that when the delay is induced by the request of the defendant and his promise to pay without relying upon the statute of limitation, the Court will not allow the statute to bar, because it would be against equity and good conscience, we think the action should be brought within a reasonable time, and that equity should follow the law and give no greater effect to such promise than to a new promise made in writing, or to an original promise supported by a good consideration, or to a payment made on a note, which the statute fixes at three years. It does not destroy the defendant's relation as surety, and if the action is not brought within three years after such request for delay, and promise not to rely on the statute, it should be barred in equity as well as at law.

In the cases relied on by the plaintiff, the actions were brought within three years after the promises inducing the delay. In the case of *Burton* v. *Stevens*, 58 American Decisions, 153, cited by counsel for plaintiff, there was an endorsement in writing on the back of the notes, to the effect that the maker would "not take any advantage of the statute of limitation on the within two notes." This was held, very properly, to take the case out of the statute, but the action was commenced within the statutory limit, after the endorsement was made; and this case is not an authority against the defendant.

This view will give full effect to the equitable doctrine which will not allow a defendant to take undue advantage of delay induced by his own promises on the one side, and is in harmony with the statute on the other, which fixes the limitation at three years. In this action it was found that

the request and promise were made in May, 1877, and the action was brought August 16th, 1883.

There is error. Judgment reversed.

SMITH, C. J., concurring. While concurring in the judgment of the Court, that the action is barred by the statute of limitation, I do not ascribe any legal efficacy to the parol promise to pay the debt in consideration of forbearance to sue, in producing the result. §172 of *The Code* is explicit in declaring, that "no acknowledgment or promise shall be received as evidence of a new or continuing contract, whereby to take the case out of the operation of this title, unless the same be contained in some writing signed by the party to be charged thereby." A construction that this plain language does not embrace a case in which delay has been superinduced by a reliance upon the good faith of the debtor in not setting up the defence, would be in a great measure to neutralize its operation, as it does directly contravene its terms. It is only when the lapse of time would be a bar, that the new promise would have any effect, and to give this effect to an *unwritten* promise, because of delay, which was the former law, would be to leave it unchanged, notwithstanding the new enactment. The cases relied on have reference to the principle recognized in equity, which will not allow a party to reap the advantages of his own fraudulent representations and conduct, when confided in and acted on by those to whom they were made, and the last one, *Barcroft* v. *Roberts*, carries the doctrine to its extreme limits, beyond which I am unwilling to go. In that case, it would have constituted a successful fraud to have permitted the defendant to escape responsibility.

It seems to me, as the promise to pay, so must the assurance not to take advantage of the statute, be in writing, and thus its efficacy enters into cases, as well in equity as in law, and the act operates evenly and uniformly in both

jurisdictions. To this effect is *Shapley* v. *Abbott*, in the Court of Appeals of New York, 42 New York, 443.

Merrimon, J., concurring. In my judgment, the equitable right of a creditor plaintiff to have the debtor defendant restrained from availing himself of the statute of limitation where the former forbore to sue until after the bar, at the request of the latter, and with the assurance and promise on his part, that he would not afterwards plead the statute of limitation, is in no way affected by the statute, (*The Code*, §172,) which provides, that "no acknowledgment or promise shall be received as evidence of a new and continuing contract, whereby to take the case out of the operation of this title, (that as to time of commencing action,) unless the same be contained in some writing, signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest."

The right is founded not upon a new promise on the part of the debtor to pay the debt barred, as contemplated by this statutory provision, but upon the ground that before the bar, he requested the creditor not to sue until after the bar, upon the assurance and promise of the debtor that he would not afterwards avail himself of the statute of limitation. In view of such assurance and promise given by the debtor, and received and acted upon by the creditor, it would be perfidious and iniquitous for the debtor to plead the statute, and a Court of Equity will not allow him thus to take advantage of, and reap benefit from his own fraud and wrong. And this is so in the same degree, whether the promise was made verbally or in writing.

In the case where the equitable right arises as above indicated, the assurance and promise are given *before the bar arises* In the case contemplated by the statutory provision above recited, the new promise to pay is made *after the bar, and must be in writing to be effectual.*

The equitable right thus arising, is distinctly recognized and upheld in *Lyon* v. *Lyon*, 8 Ired. Eq., 201; *Daniel* v. *Commissioners*, 74 N. C., 494; *Haymore* v. *Commissioners*, 85 N. C., 268; *Barcroft* v. *Roberts*, 91 N. C., 363, and other cases.

But the Court of Equity will not thus interfere indefinitely—it will do so only for a reasonable time—not exceeding an extension of the time equal to that prescribed by the statute of limitation. In this case, the plaintiff did not bring his action until more than eight years next after the bond sued upon matured as to the surety, the defendant appellant. I therefore think he cannot recover, as to the surety; I would think otherwise, however, if the action had been brought within six years after such maturity of the bond.

Error.                                                                    Reversed.