LOUISA GRADY, Administratrix of W. B. GRADY, v. J. W. WIL-
SON, Administrator of JOHN TUETT.

*Quantum Meruit—New Promise—Pleading—Statute of Limi-
tations.*

1. Where a complaint alleged the rendering of services by plaintiff to
   defendant and the frequent promise of the latter to pay for the
   same, and also alleged the reasonable value of such services, the
   answer alleged that "if defendant promised any compensation it
   was in parol, and more than three years had elapsed since the
   making of such promise": *Held,* that the statute was sufficiently
   pleaded, whether the action was founded on the express or the
   implied promise.

2. After the statute of limitations has begun to run in favor of one who
   afterwards becomes insane, it is not suspended by the supervening
   disability.

3. Where a debt against a ward could have been established by a judg-
   ment against the guardian of a lunatic before action thereon was
   barred by the statute of limitations, the fact that the debt could
   not have been enforced until after the death of the lunatic, on
   account of his entire income being required to maintain him, did
   not suspend the running of the statute.

4. A reply by an administrator of a deceased debtor to the demand of
   plaintiff for payment that he would "see the Judge and do what-
   ever he said," was not a waiver of the statute of limitations.

This was a CIVIL ACTION, tried at Fall Term, 1894, of
BURKE Superior Court, before *Allen, J.*

A jury trial was waived, and it was agreed that the Judge
might try the action and find the facts. After hearing the
evidence, the following facts were found:

1. That during the years 1881, 1882, 1883 and 1884, the
plaintiff's intestate, William Grady, lived with, furnished
lodging, did washing and mending, and performed other
services for the defendant's intestate John Tuett at his request,
and that the said services for the years 1882, 1883 and 1884
were reasonably worth the sum of $250.

2. That during the time such services were being rendered, the defendant's intestate stated, on several occasions, that he intended to sell a portion of his land and get money with which to build a house for plaintiff's intestate and pay him for his board, but he died without ever doing so.

3. That during the year 1886 the defendant's intestate became insane, and continued so until his death in 1892.

4. That the defendant J. W. Wilson was appointed guardian of the said John Tuett on the 18th day of September, 1886, and continued to act as such until the death of said Tuett, as above stated.

5. That the proceeds from the property of the said John Tuett during the time he was insane, which amounted to about $35 per year, were insufficient for his support, and the same, which consisted of the rents from his land, were paid by plaintiff's intestate, under the direction of his said guardian, to the authorities of the Western North Carolina Insane Asylum (now State Hospital), where said Tuett was then confined.

6. That J. W. Wilson was appointed administrator of said Tuett on the 24th day of May, 1892, and within one year after such appointment the plaintiff's intestate, by and through his son and agent, presented his account for said services to defendant, who took the account and promised that he would do all he could for plaintiff's intestate, and on another occasion, and within one year after the appointment of said administrator, said agent again mentioned the said account to defendant, and stated to him that perhaps he had best get a lawyer, when defendant replied, " No, I will have to see the Judge and do whatever he says," and again assured said agent that he would do all he could for plaintiff's intestate ; that these statements were made in good faith and with no intention to mislead. That relying on these promises and assurances so made by defendant, plaintiff's intestate did not enter suit for such services during his life.

7. That plaintiff's intestate died on the 27th day of March, 1893, and this action was brought within one year thereafter, to-wit, on the 8th day of March, 1894, by plaintiff, who was duly appointed administrator of the said William Grady on the 8th day of March, 1894.

Upon consideration of the foregoing facts and the plea of the statute of limitations attempted to be set up in the answer, the Court was of opinion that the said statute .was neither sufficiently pleaded nor had any application to this action, the same seeming to be an attempt to plead an old or a new promise, neither of which is sued on in this action, and there being no facts alleged showing that the cause of action had not accrued within three years, nor within ten years prior to the bringing of the action, nor was it alleged that the action had not been brought within one year after the appointment of the administrator Wilson.

The Court was further of opinion that the defence, if any, was to the cause of action and not to the promise, and that the fact upon which the defence was grounded must have been set out in the answer before it could be relied on by the defendant.

The defendant excepted, insisting that the action was barred, and that the answer sufficiently pleaded the statute of limitations.

The son of the plaintiff, and of the plaintiff's intestate, was examined as a witness on behalf of plaintiff as to the board furnished and other services rendered defendant's intestate by his said father.

Objected to by defendant under section 590 of *The Code.* Objection overruled, and defendant excepted.

The defendant J. W. Wilson was offered as a witness in his own behalf, and it was proposed to prove by him that while guardian of Tuett he had a conversation with William Grady, and that Grady claimed the land of Tuett as his heir, but never said anything about any indebtedness or any claim against him:

Objected to by plaintiff.   Objection sustained, because the evidence was immaterial and also prohibited by section 590 of *The Code.*   Defendant excepted.

Judgment was rendered upon the facts found in favor of the plaintiff for $250.   Defendant excepted and appealed.

*Messrs. Isaac T. Avery* and *S. J. Ervin,* for plaintiff.
*Messrs. Battle & Mordecai,* for defendant (appellant).

CLARK, J.: The allegation of the complaint is that the plaintiff's intestate rendered services during the years 1881, 1882, 1883 and 1884 as a servant for defendant's intestate, who promised time and again to pay for them.   The complaint further alleges the reasonable value of said services, so as to recover upon a *quantum meruit.*   The answer alleges full payment of said services, and says that if defendant's intestate promised any additional compensation, or any compensation, it "was in parol, and more than three years had elapsed since the making of such promise, and the defendant specially pleads the statute of limitations upon such promise."   The statute was sufficiently pleaded, whether the action is on the express promise or the implied promise. *Stokes* v. *Taylor,* 104 N. C., 394; *Fulps* v. *Mock,* 108 N. C., 601; *Stubbs* v. *Motz,* 113 N. C., 458   This is not a case where the alleged promise is to pay out of the estate after death.   Here the statute began to run for each year's services at the end of the year.   The statute began to run for the last year's services on January 1, 1885, and three years had elapsed before the death of either plaintiff's intestate or of defendant's intestate.   *The Code,* § 164, has therefore no application.   The claim as to 1881 and 1882 was already barred upon the defendant's intestate becoming insane in 1886.   As to the claim for 1883 and 1884, the statute having begun to run was not suspended by the supervening insanity.  *Chancey* v. *Powell,* 103 N. C., 159. · Action should have been brought within

three years against the employer, or after the insanity against his guardian. The debt could have been established by judgment even if the allegation was correct that it could not. have been collected till after the ward's death on account of the income being required for his support. The claim being barred before the death of defendant's intestate, and there being neither proof nor allegation of a new promise in writing (*The Code,* § 172) by the defendant, it is not necessary to consider the question which that would have raised. *Fleming* v. *Fleming,* 85 N. C., 127. The reply of the administrator to the plaintiff that it was not necessary to get a lawyer and that he "would see the Judge and do whatever he said," was not conduct which waived the statute and justified the plaintiff in not bringing action. *Hill* v. *Hillard,* 103 N. C., 34; *Joyner* v. *Massey,* 97 N. C., 148. Besides, the claim was already barred, and the plaintiff was not prejudiced by the delay.

Error.